**Robert Edward LIPSCOMB, Petitioner-Appellant,**

v.

**J. J. CLARK, Warden, U. S. Penitentiary, Respondent-Appellee.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert E. LIPSCOMB, Defendant-Appellant.**

**Nos. 72–1150, 72–3022**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 2, 1972.

On Rehearing Nov. 15, 1972.

York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Robert Edward Lipscomb, pro se.

John W. Stokes, U. S. Atty., George H. Connell, Jr., Asst. U. S. Atty., Atlanta, Ga., for J. J. Clark, Warden.

Ira DeMent, U. S. Atty., Montgomery, Ala., for the United States.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

The name of Robert Lipscomb, petitioner in this action, should be familiar to a majority of the judges on this circuit. During the past three years no less than three other panels have passed on issues he has raised in connection with this conviction and sentence to five years on a Dyer Act charge by the District Court for the Middle District of Alabama.

After struggling through a massive compilation of pro se petitions of various shades and hues, we find that petitioner raises essentially two issues which merit further discussion and which have not precisely been the subject of any of our prior rulings. First, the petitioner claims that the recent case of United States v. Tucker, 404 (also on page 3) U.S. 443, 92 S.Ct. 589, 30 L.Ed. 2d 592 (1972), requires remand to the district court for possible resentencing. Secondly, petitioner contends that federal prison authorities have failed to give

him full credit for time spent in jail without bail due to the existence of a federal detainer warrant.

### The TUCKER Issue

█ Petitioner now asserts that a string of three old Michigan state court convictions were obtained in violation of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Such invalid convictions may not, of course, be used to "enhance punishment for another offense". Burgett v. Texas, 389 U. S. 109, 114, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). The Supreme Court recently applied these rules in a case where the district court had before it at sentencing, in the record of the accused, prior convictions which were later held invalid under *Gideon*. The court found that remand for resentencing was required since the district court might not impose the maximum sentence when aware that the priors were unconstitutionally obtained. United States v. Tucker, 404 U. S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).

We find that this case, despite some factual differences from *Tucker,* is controlled by that decision and that remand is necessary. This determination is clearly in accord with the position of the Solicitor General of the United States before the Supreme Court in one of the earlier rounds of this petitioner's long battle with the United States. The Supreme Court denied certiorari in Lipscomb v. United States, 404 U.S. 1021, 30 L.Ed.2d 670 (1972), the day before *Tucker* was announced. In a supplementary memorandum, the Solicitor General joined with Lipscomb's petition for rehearing, urging that the case should be remanded to the district court in light of *Tucker.* Although the Supreme Court ultimately denied the petition for rehearing, 406 U.S. 911, 92 S.Ct. 1613, 31 L.Ed.2d 823 (1972), this is, of course, not dispositive of the merits of the case. Neither this court nor the district court has had the opportunity to consider this claim by petitioner since the *Tucker* decision until now.

█ The primary difference between the facts in *Tucker* and this case is that in *Tucker* the unconstitutionality of the prior convictions had been fully adjudicated in the state courts. Here there is only Lipscomb's allegation that the priors were obtained in violation of *Gideon*. The Solicitor General did not find this distinction sufficient to place this case outside the scope of *Tucker*. We agree.

█ On remand, we feel that the following procedures by the district court would be appropriate. First, the district court should review the records involved in this conviction and determine if, treating the state convictions alleged to have been unconstitutional as void and thus not to be considered in sentencing, the five-year maximum sentence would still be the appropriate sentence based on the records of the trial and petitioner's adjusted conviction record (which would still consist of a twenty-five year sentence on a federal counterfeiting charge). If the district court finds that the maximum sentence would still be appropriate, an order so setting forth would seem sufficient to comply with the requirements of *Tucker*. If, on the other hand, the district court finds that should these prior convictions be proven unconstitutional and void that the maximum sentence would not be appropriate, then it should grant petitioner an evidentiary hearing and allow him to present evidence on his claim that the prior convictions in question were unconstitutional due to *Gideon*. If the district court is convinced of the validity of petitioner's allegations after such a hearing, it may then properly resentence. Such a procedure seems best designed to fully protect petitioner's rights.

### The "Jail Time" Issue

█ Petitioner also alleges that the federal penal authorities have not properly given him credit for all the time he spent in jail unable to make bail due to the existence of an unexecuted mandatory release violator's warrant. The very

detailed and accurate computation of Lipscomb's remaining time by the federal prison authorities clearly refutes this claim.

Petitioner does not seem to grasp that there are two *non-concurrent* sentences involved. First, there is the time remaining on the 1950 federal counterfeiting conviction which was covered by the mandatory release violator's warrant; secondly, there is the five-year sentence on the Dyer Act conviction of November 18, 1969.

Petitioner is most concerned with credit for the period from December 1, 1970, to November 17, 1971. On December 1, 1970, petitioner was released by state authorities following the successful appeal of a state fraud charge growing out of the same incident as the Dyer Act charge. It should be noted that Lipscomb was given a full 673 days credit on the time remaining on the counterfeit charge for this period in state custody. On November 17, 1971, as petitioner was about to make bond while appealing the Dyer Act conviction, the violator's warrant was executed. The record shows that the petitioner has been given credit for this period between release by the state and the execution of the warrant on the sentence for the Dyer Act charge which was expressly made not concurrent with any other sentence.

Therefore, the execution of the violator's warrant has merely interrupted the Dyer Act sentence. When the time remaining from the counterfeit conviction has been completed, petitioner will only be obligated to serve the remainder of his Dyer Act sentence, not the full term. To give full credit for this period on both non-concurrent sentences would be double counting against the government. Petitioner has properly received all the credit to which he is entitled.

Petitioner has asserted several other claims which have been carefully considered and found without merit. This case is therefore remanded to the district court for further proceedings not inconsistent with this opinion.

Remanded.

## ON PETITION FOR REHEARING

### PER CURIAM:

■ Petitioner Lipscomb now seeks a rehearing of our order entered October 2, 1972, on the "jail time" claim he made in a *pro se* petition considered at that time. In this petition for rehearing Lipscomb alleges several different factors which were not before this court at the time of our initial consideration of his case.[1] The allegations in this petition rely heavily on several recent factual occurrences and this court is not in a position to consider these issues which were never brought to the attention of the district court in the first instance since they have occurred since the last time that the district court considered this petitioner's claims.[2]

It is therefore ordered that the petition for rehearing filed in the above entitled and numbered cause be and the same is hereby denied.

---

1. One of the issues raised by Lipscomb is that while this court was acting on the "jail time" issue, the United States District Court for the Eastern District of Missouri, in which he was originally sentenced on the 1951 counterfeiting charge, has reconsidered his sentence and substantially modified its length. This allegedly had an impact on the Mandatory Release Violator's warrant and whether or not it was still valid. Furthermore, petitioner alleges several changes in his records by prison authorities, presumably in light of this latest sentence change by the

Missouri district court, which he claims are incorrect. Since these issues have never been raised before the district court, we feel that we should not look into their factual accuracy.

2. It appears that Petitioner Lipscomb is currently released on parole and that this latest action revolves around his claim that the federal penal authorities have computed his time in such a manner as to require him to report on parole for approximately seven months longer than he feels is correct.