Joseph Charles **RUSSO**, Petitioner-Appellant,

v.

The **UNITED STATES** of America, Respondent-Appellee.

No. 72–2153.

United States Court of Appeals.
Fifth Circuit.
Dec. 20, 1972.

Natalie Baskin, Miami, Fla. (Court appointed), for petitioner-appellant.

Robert W. Rust, U. S. Atty., J. Daniel Ennis, Barbara E. Vicevich, Asst. U. S. Attys., Miami, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and MOORE * and RONEY, Circuit Judges.

PER CURIAM:

By this Section 2255 motion to vacate sentence the Petitioner challenges the constitutional propriety of concurrent 10-year sentences for three separate convictions of altering securities, receiving and forging stolen money orders, and interstate transportation of forged securities.[1] Petitioner was convicted on all charges based upon his pleas of guilty. Sentence was deferred pending receipt of pre-sentence reports. Thereafter, Petitioner was sentenced on April 1, 1966, long prior to United States v. Tucker, 1972, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592.

The Section 2255 motion filed in 1972 asserted that the trial court in fixing sentence had taken into account prior felony convictions which were invalid for want of counsel under Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. The motion was supported by his affidavit that his record included these earlier convictions and that in each he was not afforded counsel.

The sentencing Judge in dismissing the petition without any hearing, factual determination or factual statement simply declared that Petitioner's "case is distinguishable from Tucker, supra, for in Tucker, a state court had determined that two of the Defendant's convictions were constitutionally infirm, both convictions and another were used at Defendant's trial to impeach him and they were specifically referred to by the trial court at the time of sentencing." He then went on to state that the "record of sentencing does not indicate that the trial judge made any reference to the pre-sentence report in imposing sentence, nor, and particular, to any of the convictions which Petitioner contends were constitutionally infirm. Thus, there is a wide disparity between the facts of Tucker, upon which Petitioner relies, and the facts of this case."

Since the Petitioner could have no way of knowing whether in fact the prior convictions were contained in the undisclosed pre-sentence report, or, more significantly, whether and to what extent

---

* Honorable Leonard P. Moore, of the Second Circuit, sitting by designation.

1. Case No. 65–88 charged the Petitioner with a violation of 18 U.S.C.A. § 2314 involving altered securities. Petitioner pleaded guilty to 15 separate counts of the indictment in this case. Case No. 66–101 charged Petitioner with a violation of 18 U.S.C.A. § 641 involving receiving and forging of stolen money orders. Petitioner pleaded guilty to the seven counts of this indictment. Case No. 66–130, charged the Petitioner with violations of 18 U.S.C.A. § 2314 involving the interstate transportation of forged securities. Petitioner

pleaded guilty to each of the seven counts of this indictment. Thus, the Petitioner was sentenced for three separate convictions involving an aggregate of 29 separate counts. He received 10-year sentences to each of the 15 counts of the indictment in Case No. 65–88 and 10-year sentences to each of the seven counts of the indictment in 66–130 all to run concurrent with the 5-years sentences for each of the counts to the indictment in Case No. 66–101. It is noteworthy that by making the sentences run concurrently the Judge gave the Petitioner a considerably lighter sentence than he could have imposed.

the Judge might have considered them in fixing sentence, the first step where a *Tucker* situation is directly asserted is for the Judge to cause the record to *factually* reveal the processes through which the Judge has gone as outlined very recently in Lipscomb v. Clark, 5 Cir., 1972, 468 F.2d 1321, at 1323, likewise decided long subsequent to the District Judge's action.

"On remand, we feel that the following procedures by the district court would be appropriate. First, the district court should review the records involved in this conviction and determine if, treating the state convictions alleged to have been unconstitutional as void and thus not to be considered in sentencing, the five-year maximum sentence would still be the appropriate sentence based on the records of the trial and petitioner's adjusted conviction record (which would still consist of a twenty-five year sentence on a federal counterfeiting charge). If the district court finds that the maximum sentence would still be appropriate, an order so setting forth would seem sufficient to comply with the requirements of *Tucker*. If, on the other hand, the district court finds that should these prior convictions be proven unconstitutional and void that the maximum sentence would not be appropriate, then it should grant petitioner an evidentiary hearing and allow him to present evidence on his claim that the prior convictions in question were unconstitutional due to *Gideon*. If the district court is convinced of the validity of petitioner's allegations after such a hearing, it may then properly resentence. Such a procedure seems best designed to fully protect petitioner's rights."

Here, of course, the 10-year sentence was nowhere near the maximum that might have been imposed. But reference to "maximum" in *Lipscomb* does not confine its application to such situations. A Petitioner has a right under *Tucker* to have his sentence reassessed if, in fact, the sentencing Judge was signifi-

cantly relying on prior invalid convictions, regardless of whether he imposed the maximum sentence or not.

Remanded.