**Robert Benjamin HAYNIE, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 72-3527

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 2, 1973.

Robert Haynie, pro se.

John L. Briggs, U. S. Atty., Harvey E. Schlesinger, Asst. U. S. Atty., Jacksonville, Fla., for respondent-appellee.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellant pleaded guilty to an indictment and to informations which charged him in a total of seven counts with multiple violations of 18 U.S.C.A. § 2314 (interstate transportation of falsely made and forged securities). He was sentenced to five years on each of the seven counts with the sentences to run concurrently. He could have received a maximum sentence of seventy years.

This appeal is from the denial of a motion to vacate the sentences. Appellant alleged that the district court had sentenced him in reliance upon a presentencing report that contained a record of three constitutionally infirm prior state convictions. He urged that in light of these alleged infirmities, he was entitled to be resentenced under the holding of United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). The district court denied relief summarily. We vacate and remand for further proceedings.

The claim alleged fits well within the teaching of United States v. Tucker, supra, as construed by this court in Lipscomb v. Clark, 5 Cir., 1972, 468 F.2d 1321 [1972]; and as extended to non-maximum sentence cases in Russo v.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

United States, 5 Cir., 1972, 470 F.2d 1357 [1972]. The district court did not have the benefit of these decisions at the time judgment was entered. The case must be reconsidered on remand in light of these decisions and handled pursuant to the procedure outlined in Lipscomb v. Clark.

Vacated and remanded with direction.