490 F.2d 862
 Emilio Molina TORRES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
No. 73-3459 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York, 5 Cir., 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 March 11, 1974.
 
 Emilio Molina Torres, pro se.
 Anthony J. P. Farris, U.S. Atty., James R. Gough, Asst. U.S. Atty., Houston, Tex., for respondent-appellee.
 Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 This case has had a rather involved procedural history, but for the purposes of this appeal only a few aspects of that history are relevant. Petitioner alleges in a motion filed pursuant to 28 U.S.C. 2255 that in assessing a term of twenty years imprisonment for importation of marijuana in violation of 21 U.S.C. 176a, the trial court considered previous federal and state convictions that were obtained in violation of his constitutional right to counsel. It is undisputed that where constitutionally invalid convictions are weighed in the determination of sentence, the defendant is entitled to a resentencing at which the nature of these prior adjudications of guilt is made known to the court. United States v. Tucker, 1972, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592; Lipscomb v. Clark, 5 Cir. 1972, 468 F.2d 1321.[1] In apparent recognition of this fact, the district judge at the hearing below excluded the challenged state convictions from consideration but determined that the sentence was nevertheless appropriate in light of petitioner's long federal criminal record and certain maleficent acts revealed in the presentence report. The district judge evidently overlooked the fact that petitioner was also challenging the constitutionality under Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, of those very federal convictions. Petitioner specifically contended in the court below that at the time he entered pleas of guilty to the federal charges he was not represented by counsel and had not knowingly waived his right to such representation.
 
 
 2
 In light of these allegations we must remand this case to the district court for further proceedings. The procedure to be followed at the new hearing is well mapped out in Judge Morgan's opinion for this Court in Lipscomb v. Clark, supra. The district court must first examine the record and, excluding all of the challenged convictions, determine whether the sentence of twenty years should nevertheless be imposed.
 
 
 3
 'If the district court finds that the . . . sentence would still be appropriate, an order so setting forth would seem sufficient to comply with the requirements of Tucker. If, on the other hand, the district court finds that should these prior convictions be proven unconstitutional and void that the . . . sentence would not be appropriate, then it should grant petitioner an evidentiary hearing and allow him to present evidence on his claim that the prior convictions in question were unconstitutional . . .. If the district court is convinced of the validity of petitioner's allegations after such a hearing, it may then properly resentence.' 468 F.2d at 1323.
 
 
 4
 Reversed and remanded for further proceedings consistent with this opinion.
 
 
 
 [1]
 The Tucker and Lipscomb decisions dealt with the consideration of state convictions found or alleged to be invalid under Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. The principle of those cases would, of course, apply with at least as much force to federal convictions attacked as violative of Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461