**Arthur Lee AVERY, Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 73–3089

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 9, 1974.

Arthur Lee Avery, pro se.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for respondent-appellee.

Before BELL, GODBOLD and GEE, Circuit Judges.

PER CURIAM:

In 1971, in the United States District Court for the Eastern District of Louisiana, petitioner Avery pleaded guilty to a charge that earlier that same year he sold and distributed heroin in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 10 years' imprisonment which he is presently serving at the Federal Penitentiary at Atlanta, Georgia.

In 1973 Avery filed in the sentencing court a pro se pleading styled a petition for a writ of "habeas corpus in forma pauperis U.S.C. Rule # 2255," requesting that he be given a "shorter and lighter sentence." His pertinent allegations follow: (1) He had appeared before the United States Parole Board and was denied parole. (2) He believed that the Board refused to grant him parole because it had considered his presentence report which contained a statement taken from him in writing by the F.B.I. (in connection with the present conviction) which statement included a purported admission from him that he had been involved in heroin traffic in 1965. (3) His purported statement to the F.B.I., incorporated in the presentence report and in turn considered by the Parole Board, was obtained in viola-

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

tion of his constitutional rights and was an inaccurate and an untrue recordation of what he said to the F.B.I. agent. (4) What he in fact said was merely that he had carried produce from New York to New Orleans, and he signed the statement believing that it accurately reflected what he had verbalized. (5) He is largely illiterate and did not know when he signed the statement that it contained an admission to earlier participation in heroin traffic, an admission that he had not articulated.

■ Prior to acting on the petition, the sentencing judge wrote Avery that he had examined the presentence report and that the allegedly erroneous statement did appear in the report. Subsequently the sentencing judge held that insofar as the petition attacked Avery's sentence it was barred by the passage of time, citing United States v. Granville, 456 F.2d 1073 (CA5, 1972), and insofar as it attacked the Parole Board's use of the statement it was a claim which could not be asserted in § 2255 proceedings in the sentencing court but could only be maintained in the Northern District of Georgia where Avery was in custody. The sentencing judge's citation to *Granville*, a case decided on the basis of expiration of the 120-day time allowed by F.R.Crim.P. 35, implies that he believed that Avery's allegations did not raise issues cognizable under § 2255 but rather ones which could only be asserted under Rule 35. We think this premise must be reexamined under the teachings of cases indicating that in limited circumstances § 2255 is available to test whether information in a presentence report was relied upon by the sentencing judge and whether the information was erroneous. See, *e. g.*, United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); Haynie v. United States, 474 F.2d 1051 (CA5, 1973); United States v. Espinoza, 481 F.2d 553 (CA5, 1973); Franchi v. United States, 464 F.2d 1035 (CA5, 1972); Lipscomb v. Clark, 468 F.2d 1321 (CA5, 1972); Russo v. United States, 470 F.2d 1357 (CA5, 1972);

Baker v. United States, 388 F.2d 931 (CA4, 1968).

Following entry of the dismissal appealed from Avery sought to file in the Northern District of Georgia an attack on the Parole Board's use of the allegedly erroneous statement. That court, with knowledge of the dismissal order in the federal court in Louisiana, refused to permit filing of the petition in forma pauperis and notified Avery that he must proceed in the Eastern District of Louisiana.

■ In view of our disposition of Avery's attack on his sentence, we do not reach the issue of whether venue lies in the Eastern District of Louisiana for the attack on the Parole Board's use of the statement. In the event the sentencing judge's disposition of the case is not dispositive of Avery's claim concerning the Parole Board records, he should consider whether venue for that claim lies in his district under 28 U.S.C. § 1391(e) or any other statute, and if venue there is found to be inappropriate, he should consider whether to transfer the cause to the appropriate district under 28 U.S.C. § 1406.

Vacated and remanded.