**Arthur Lee AVERY, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civ. A. No. 73–1019.

United States District Court, E. D. Louisiana.

Sept. 24, 1974.

John Blackwell, New Orleans, La., for petitioner.

Mary Cazalas, Asst. U. S. Atty. for respondent.

CASSIBRY, District Judge:

In 1973, more than a year after petitioner had commenced serving a 10 years' sentence for selling and distributing heroin in violation of 21 U.S.C. § 841(a)(1), this court denied his request under § 2255 to be given a "shorter and lighter sentence". He contended that he believed the Parole Board had denied him parole on the basis of a purported statement to the F.B.I. incorporated in his presentence report, which was obtained in violation of his constitutional rights and was an inaccurate and untrue recordation of what he had said to the F.B.I. agent. He alleged that the statement included a purported admission from him that he had been involved in heroin traffic in 1965, when in fact what he said was merely that he had carried produce from New York to New Orleans in 1965.

On appeal the Court of Appeals vacated the order denying to the petitioner relief and remanded the case for reexamination under the teachings of cases indicating that in limited circumstances § 2255 is available to test whether information in a presentence report was relied upon by the sentencing judge and whether the information was erroneous. (Ct. of App. Docket # 73–3089, decided May 9, 1974) See United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed. 2d 592 (1972); Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); Haynie v. United States, 474 F.2d 1051 (C.A. 5, 1973); United States v. Espinoza, 481 F.2d 553 (C.A. 5, 1973); Franchi v. United States, 464 F.2d 1035 (C.A. 5, 1972); Lipscomb v. Clark, 468 F.2d 1321 (C.A. 5, 1972); Russo v. United States, 470 F.2d 1357 (C.A. 5, 1972); Baker v. United States, 388 F.2d 931 (C.A. 4, 1968).

An evidentiary hearing was held on July 29, 1974 to determine whether the statement incorporated in the presentence report was obtained in violation of the petitioner's constitutional rights and was an inaccurate and untrue recordation of what he said to the F.B.I. agent. At the hearing two special agents for the Drug Enforcement Administration, James O. Hawkins and Peter L. Munster II, testified to the effect that petition-

er's constitutional rights were fully protected in the taking of the statement and that it reflected what he told them at the time it was taken on August 6, 1971. At the conclusion of the hearing the petitioner withdrew his contention that his constitutional rights were violated in taking the statement, and I find as a fact that petitioner Avery did tell the special agents that he was engaged in narcotic traffic in 1965.

The petitioner then presented the argument that, before an admission against interest can be included in a presentence report, it is incumbent upon the Government to make an independent verification of such an admission, relying on United States v. Espinoza, supra. The *Espinoza* case does not even involve this question. It concerned only the question of whether a defendant should be able to rebut in a § 2255 motion a judge's remarks in announcing sentence that the defendant had a bad record for threats and assaults.

This disposition of the case is also dispositive of petitioner's claim concerning the Parole Board records.

The Clerk shall enter an order dismissing the petition for relief under § 2255.