448

Robert Finley HILL, Jr.,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 74–2876

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 13, 1975.

Charles J. Pisano, New Orleans, La. (Court-appointed), for plaintiff-appellant.

Gerald J. Gallinghouse, U. S. Atty., Harry R. Hull, Asst. U. S. Atty., New Orleans, La., for respondent-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

In this § 2255 matter petitioner contends that three invalid prior convictions were considered by the court in assessing a maximum prison term. At an evidentiary hearing held by a magistrate on May 30, 1974, only one of these convictions was found to be invalid; and a recommendation was made that, if the court considered that conviction in imposing sentence, petitioner be resentenced. The court adopted this recommendation, vacated the original sentence, and imposed an identical one without further reference in its judgment to the prior convictions.

■■ It was beyond the magistrate's powers to conduct the evidentiary hearing in connection with the determination that only one of the prior convictions was invalid.[1] Nor can we view it as insignificant; the court followed his recommendations. On remand, the court should follow the procedure outlined in Lipscomb v. Clark, 468 F.2d 1321, 1323 syl. 3 (5th Cir. 1974).

Vacated and remanded.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

1. Wingo v. Wedding, 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974).