**Wade STEPHENEY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**Gerald Hughes SINGLETON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**Nos. 73–1829, 73–2305.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 1, 1974.

Decided April 30, 1975.

8

Terrell L. Glenn, Columbia, S. C. [Court-appointed], for appellant in Nos. 73–1829 and 73–2305.

Jack L. Marshall, Asst. U. S. Atty (John K. Grisso, U. S. Atty., on brief), for appellee in Nos. 73–1829 and 73–2305.

Before HAYNSWORTH, Chief Judge, and WINTER, CRAVEN, BUTZNER, RUSSELL, FIELD and WIDENER, Circuit Judges, sitting en banc.

PER CURIAM:

After pleading guilty to bank robbery, Gerald Singleton was sentenced to eighteen years in prison. He moved for a reduction of the sentence or for its vacation on the ground that the sentence was imposed partly on the basis of a conviction obtained when he was not represented by counsel. The District Court denied the motion without a hearing, finding that Singleton's sentence was an appropriate one. It specifically noted that the criminal record "contributed nothing to the determination of the length of the sentence."

■ Wade Stepheney was sentenced to five years in prison and five years probation when a jury convicted him on two counts of receiving stolen automobiles. As Singleton, he moved for a reduction or vacation of the sentence, claiming that he was sentenced on a criminal record containing invalid prior convictions. Considering the motion, the District Court assumed that the prior convictions were void and found that the sentence was nonetheless "appropriate" on the basis of the trial record and the adjusted conviction record. It dismissed the petition.

In United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), the Supreme Court ruled that a prisoner who was sentenced on the basis of invalid prior convictions must be resentenced. The Tucker Court, however, did not decide how lower courts should handle prisoners' motions for resentencing. This Court, however, has adopted a two-step procedure. Brown v. United States, 483 F.2d 116 (4th Cir. 1973). Under Brown, the district judge should first consider whether the sentence was appropriate, discounting the prior convictions. If not, he must reach the second question whether the prior convictions have been invalidated. In Brown the court found it necessary "to remand the proceeding to the District Court in order that it might review the record to determine whether, assuming the invalidity of the three state convictions in question, its sentence would be the same." Id. at 118. We follow Brown, construing its language consistently with its directions to the trial judge. So construed, we reaffirm Brown's holding.

■ The District Courts decided Singleton's and Stepheney's cases before Brown was published, and the question arises whether the dismissals meet the Brown standards. In Singleton's case the District Court specifically found that the sentence was appropriate and that the prior convictions had not contributed to its length. This finding falls well within Brown's scope, and resentencing Singleton would serve no useful purpose. Accordingly, we affirm the District Court's dismissal of Singleton's petition.

In Stepheney's case, however, the District Court stated that the sentence was "appropriate even if each prior conviction allegedly invalid is removed and not considered." On its face, this statement is equivocal. It does not clearly say that the District Court found that the length of the sentence was unaffected by the invalid prior convictions, that the sentence would have been the same with or without them. It may mean only that the sentence was generally within the range of permissible punishments and was not unreasonable. *Tucker's* holding seems to require resentencing or a determination of the validity of a challenged conviction unless the sentencing judge can find and affirm that at the time of sentencing he would have imposed the same sentence if the challenged prior conviction had not been called to his attention. If he cannot say that the sentence actually imposed was uninfluenced by the prior conviction in question, *Tucker* requires that the defendant either be resentenced without consideration of the prior conviction or that further proceedings be permitted to determine the validity or invalidity of the prior conviction. The fact of seeming general appropriateness now is not enough if the sentencing judge cannot say that he would not have imposed a lesser sentence had he been unaware of the prior conviction or had assumed its invalidity at the time of sentencing.

This is not to suggest that such a finding may be made only if the judge has an affirmative recollection of his thought processes at the time the sentence was imposed. From the record, the judge may be able to determine that with recognition or assumption of invalidity of the questioned prior convictions, "the factual circumstances of the respondent's background would have appeared in a dramatically different light at the sentencing proceeding,"[1] or that the sentence was so conditioned by other factors that any such recognition or assumption would not have altered the scene.[2] If the former is the situation, further proceedings are requisite; if the latter, they are not. Thus, though the judge may have no actual recollection of his thoughts at the time of sentence, if by reconstruction from the record he can say with assurance that assumption of invalidity of the questioned prior convictions, if made at the time of sentencing, would not have resulted in a lighter sentence, there need be no further inquiry and no resentencing.

Accordingly, we vacate and remand for more specific findings. Unless the District Court should find that the sentence would have been the same without consideration of the allegedly invalid prior convictions, it should proceed to resentence Stepheney if the prior convictions have been held, in other proceedings, to be invalid; if there has been no such determination, the present petition may be dismissed as premature or held in abeyance pending the outcome of other proceedings to determine the validity of the challenged convictions as contemplated by the majority opinion in *Brown*.

No. 73–2305 affirmed.

No. 73–1829 vacated and remanded.

DONALD RUSSELL, Circuit Judge (concurring):

The rule which will guide District Judges in disposing of *Tucker* type proceedings in this Circuit, as I read the majority opinion, is categorically stated in this definitive sentence which appears at approximately the end of that opinion:

"* * * Thus, though the judge may have no actual recollection of his thoughts at the time of sentence, if by reconstruction from the record he can say with assurance that assumption of

---

1. United States v. Tucker, 404 U.S. 443 at 448, 92 S.Ct. 589 at 592.

2. A trial judge may be able to say with complete assurance that a prior conviction of auto theft did not influence his decision to impose a sentence of ten years for armed bank robbery.

invalidity of the questioned prior convictions, if made at the time of sentencing, would not have resulted in a lighter sentence, there need be no further inquiry and no resentencing."

This statement is, in my opinion, substantially a rephrasing of the rule as expressed in *Brown*; and, while perhaps requiring a somewhat different rephrasing of its findings by the District Court from that stated in *Brown* if a resentencing is found not to be required, it lays down a rule which lends itself to practical application by District Courts without imposing on them an undue burden. I accordingly find no reason to object to this form of rephrasing.

I would add, though, that I think the District Judge, in *Stepheney*, in effect made a finding which, broadly construed, could be found to satisfy the requirement as phrased *supra*, but I am not disposed to dissent from a remand of the cause for clarification on this ground.

Judge Field authorizes me to say that he joins in this opinion.

WIDENER, Circuit Judge (concurring and dissenting):

I concur in the result in Singleton's case, No. 73-2305.

I respectfully dissent to the vacation of the order in Stepheney's case, No. 73-1829, and to remanding that case for further proceedings.

In *Stepheney*, the district court, after correctly discussing the principles of law involved, and citing Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) and United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), then stated in its order as follows:

"The initial petition before this Court simply asserted that counsel was not present at Stepheney's prior convictions. Observing a lengthy criminal record, the Court instructed petitioner to submit a supplemental petition stating which convictions are allegedly invalid.

"The supplemental petition was filed May 29, 1973. Numerous convictions in state and federal courts are asserted as invalid. The record is void of any evidence indicating that the unconstitutionality of the prior convictions have been adjudicated in the Courts. Nevertheless, for purposes of the motion now before the Court, the supplemental petition will be deemed to be true.

"Striking out all prior convictions which petitioner alleges are invalid, and excluding all misdemeanors, the following convictions remain:

(1) In 1964, using motor vehicle without owner's consent, United States District Court, Washington, D. C.;

(2) In 1967, housebreaking and larceny, General Sessions Court, Richland County, South Carolina;

(3) In 1967, housebreaking and larceny, General Sessions Court, Richland County, South Carolina;

(4) In 1967, breaking and entering a motor vehicle with intent to steal, grand larceny, General Sessions Court, Richland County, South Carolina;

(5) In 1968, housebreaking and larceny, General Sessions Court, Lexington County, South Carolina.

"After reviewing the prior conviction record and all other matter involved, the Court must conclude that the sentence imposed is appropriate even if each prior conviction allegedly invalid is removed and not considered. See Lipscomb v. Clark, 468 F.2d 1321, 1323 (5th Cir. 1972).

"Having determined from the trial record and petitioner's adjusted conviction record that the sentence is appropriate, an evidentiary hearing will not be required. Accordingly,

"IT IS ORDERED that the motion to vacate sentence is denied. . . ."

I note particularly that the district court cited Lipscomb v. Clark, 468 F.2d 1321, 1323 (5th Cir. 1972).

Although the language used by the district court, when read in context, is not to me equivocal and in my opinion complies with *Brown*, its reference to p. 1323 of *Lipscomb* should remove any doubt.

On p. 1323 of *Lipscomb* is the language that if the district court finds that the sentence previously imposed "would still be the appropriate sentence," an order so setting forth would seem to comply with the requirements of *Tucker* We quoted and approved this language in *Brown*, at p. 118, saying: "We are disposed to approve this procedure." And we referred to the procedure of seeing, as a preliminary matter, whether the convictions complained of might be considered void without actually so ascertaining. The procedure is described at p. 1323 of *Lipscomb*, as it was later at p. 118 of *Brown*, and was followed closely by the district judge.

I am thus unable to find error in the action of the district court. If it erred at all, which I do not concede, it was no more than the omission of the word "still," which I think must be fairly implied from a reading of the entire order.

One further thing deserves attention.

While I do not agree with the majority as to whether or not the district judge in *Stepheney* followed *Brown*, I do agree with much of the concurring opinion of Judge Russell, for I note as does he that the opinion of the majority does not overrule the holding of *Brown* but rather is "substantially a rephrasing of the [*Brown*] rule," and further agree with Judge Russell that the "categoric[al]" holding of the majority is as quoted by him as the last sentence of the next to the last paragraph of the majority opinion. I do not agree that the holding of *Brown* needs rephrasing, for the phrase "would still be the appropriate sentence," *Brown*, p. 118; *Lipscomb*, p. 1323, seems to be equally as manageable, yet more simple in language, and therefore to me preferable to the categorical holding of the majority as quoted by Judge Russell.

I would further emphasize the following language from the majority opinion as it reaffirms *Brown*: "We follow *Brown*, construing its language consistently with its directions to the trial judge. So construed, we reaffirm *Brown's* holding."