**Donald Graham GARRISON,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 75–3258
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 1975.

Donald Graham Garrison, pro se.

Dennis R. Lewis, Asst. U. S. Atty., Roby Hadden, U. S. Atty., Beaumont, Tex., for respondent-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal is from the denial, without a hearing, of a 28 U.S.C., § 2255 motion to set aside sentence. The sentence is assertedly invalid because previous unconstitutional convictions were taken into account by the sentencing judge in imposing the maximum sentence on a guilty plea, as reflected by the pre-sentence report.

During the imposition of sentence, the trial court remarked (page 8 of the sentencing transcript) "according to this probation report it appears that you really prefer to live in the penitentiary rather than on the outside".

This indicates that if there were any unconstitutional sentences they were taken into consideration. To settle this there should have been a hearing. *See Tucker v. United States*, 1972, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592; *United States v. Espinoza*, 5 Cir., 1973, 481 F.2d

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

553, 556; *United States v. Battaglia*, 5 Cir., 1972, 478 F.2d 854; *Russo v. United States*, 5 Cir., 1972, 470 F.2d 1357, 1358–59; *Lipscomb v. Clark*, 5 Cir., 1972, 468 F.2d 1321, 1323; *Davis v. Wainwright*, 5 Cir., 1972, 462 F.2d 1354, 1356.

Reversed and remanded for hearing.