**Coleman Harper BELL, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. WC 75–105–S.

United States District Court, N. D. Mississippi, W. D.

Nov. 30, 1976.

---

Coleman Harper Bell, pro se.

H. M. Ray, U. S. Atty., Oxford, Miss., for respondent.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

Pursuant to the application of Coleman Harper Bell (petitioner), an order was entered by Honorable J. David Orlansky, the full-time magistrate of this court, on November 21, 1975, permitting petitioner to proceed herein in forma pauperis.

The application was referred to the magistrate for his report and recommendations which have now been received.

After reviewing the report and recommendations and the record herein, the court finds that the report and recommendations are, in all respects, proper and should be adopted as the opinion of the court.

The only matter remaining for the court's determination, is whether petitioner should be granted an evidentiary hearing on his application to have the sentences imposed upon him by Judge Claude F. Clayton, now deceased, in *United States v. Coleman Harper Bell*, WCR 65–9, set aside as being proscribed by the rule adopted by the Supreme Court in *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).

On petitioner's pleas of guilty to eight counts of an indictment, each charging a violation of the Dyer Act, 18 U.S.C. § 2312, Judge Clayton, after sentencing petitioner to a period of observation and study pursuant to 18 U.S.C. § 4208(b) and (c) and receiving the report of such study and observation, sentenced petitioner to 5 years on the first count, 3 years on the second count to run consecutively to the sentence imposed on the first count, and to a term of 5 years on each of the other 5 counts, each sentence to run concurrently with the sentence imposed on Count I. The aggregate period to which Judge Clayton could have sentenced petitioner on all counts was 40 years.

Petitioner contends that Judge Clayton, in passing sentence upon him, gave consideration to four prior felony convictions obtained at a time when petitioner did not have the assistance of counsel.

The record reflects that two of the four convictions are not subject to the infirmity claimed by petitioner. The record on one of the convictions reflects that petitioner had the assistance of counsel and on the other the record shows that petitioner voluntarily and knowingly waived the assistance of counsel.

Two of petitioner's felony convictions are not supported by a court record from which a determination can be made that petitioner had the assistance of counsel, either at trial or at sentencing. The record in the action sub judice reflects, and the magistrate so determined, that Judge Clayton considered

the four felony convictions at the time he imposed sentence upon the petitioner.

The question thus presented, is whether an evidentiary hearing should be held to determine whether petitioner was afforded the assistance of counsel at the time of the two questionable convictions and sentences.

The *Tucker*[1] question presented here is whether Judge Clayton's sentences would have been different if he had known that at least two of petitioner's previous felony convictions had been unconstitutionally obtained.

The court's proper procedure on the question here presented is mandated by the decision of the Fifth Circuit in *Lipscomb v. Clark*, 468 F.2d 1321 (1972).

The court, considering the two felony convictions above-mentioned as being unconstitutionally obtained and thus void, must determine from a review of the entire record whether the sentences imposed by Judge Clayton would be the appropriate sentences based on the sentencing proceedings and petitioners adjusted conviction record. The adjusted conviction record would still contain the two felony convictions which are not subject to attack on constitutional grounds.

If the court finds, after such a consideration, that the sentences imposed by Judge Clayton would be appropriate on the record thus considered, it is the duty of the court to enter an order to that effect, without an evidentiary hearing. If the court holds to the contrary, an evidentiary hearing must be held to determine whether the convictions and sentences in question were obtained in violation of the *Tucker* rule for want of counsel under *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

The court has reviewed the record pertaining to the imposition of sentences and all other pertinent facts which appear therein. Initially it is noted that Judge Clayton determined to send petitioner to a facility of the government for a period of observation before passing final judgment.

After receiving the report from the institution making the study and observation, Judge Clayton sentenced petitioner to a rather short period of incarceration, taking into consideration that Judge Clayton could have assessed and imposed sentences aggregating 40 years. Instead, the aggregate sentences imposed was only 8 years.

The court has determined without giving any consideration to the two convictions and sentences which may have been unconstitutionally obtained, that the sentences imposed by Judge Clayton were and are appropriate when considered in the light of the circumstances shown by the documentary evidence on file and the adjusted conviction record of petitioner.

The petition for relief under 28 U.S.C. § 2255 is not well taken and should be overruled without an evidentiary hearing.

---

1. *United States v. Tucker*, 404 U.S. 443, 448, 92 S.Ct. 589, 592, 30 L.Ed.2d 592, 597 (1972).