Edward J. CARPENTER a/k/a Edward
J. Pritchett, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted Nov. 9, 1981.

Decided Feb. 3, 1982.

Louis L. Redding, Asst. Public Defender, Wilmington, for defendant below, appellant.

Duane D. Werb, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY and HORSEY, JJ.

HERRMANN, Chief Justice:

This appeal requires examination of whether the sentencing judge erred in denying the defendant's Motion for Correction of Sentence under Super.Ct.Crim. Rule 35(a).[1] The appellant contends that two much-earlier convictions, constitutionally infirm under *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) for want of counsel, were considered by the sentencing judge in determining his sentence upon the present conviction of manslaughter.

The defendant was indicted upon charges of Burglary Third Degree, Kidnapping, Conspiracy to Commit Burglary, and Murder Second Degree. He entered a plea of guilty to one count of Manslaughter, all other charges being *nolle prossed*. The Trial Court accepted the plea and sentenced him to the maximum term of 30 years.

The United States Supreme Court has held that convictions determined invalid under *Gideon* may not be considered in establishing the sentence for a later conviction. *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). We take this opportunity to delineate guidelines for evaluating *Tucker* claims, that issue not having been previously addressed by this Court. Specifically, we approve the generally prevailing Federal rules:

■ Three elements must be established for a *Tucker* challenge to be successful: "(1) a prior conviction rendered invalid by *Gideon*; (2) the sentencing judge's mistaken belief that the prior conviction was valid; and (3) enhancement of the defendant's sentence because of it." *Farrow v. United States*, (9 Cir.) 580 F.2d 1339, 1345 (1978). In evaluating the motion, the sentencing judge should review the records involved in the conviction and sentence to determine if there is a reasonable probability that the sentence was enhanced by reliance on the prior convictions allegedly invalidated by *Gideon*. If it is determined that there is not such reasonable probability, "an order so setting forth [is] sufficient to comply with the requirements of *Tucker*." *Lipscomb v. Clark*, (5 Cir.) 468 F.2d 1321, 1323 (1972). If the sentencing judge cannot definitively say the sentence was not so enhanced, the defendant should be granted a hearing in which he should be allowed "to present evidence on his claim." *Id.* If after hearing the evidence, the sentencing judge is convinced of the validity of the motion—that is the three *Farrow* elements have been established—he "may then properly resentence." *Id.*[2]

■ On appeal, "[t]his Court will not refute the judge's own estimation of the deleterious impact of prior convictions in his determination of sentence." *U. S. v. Eidum*, (9 Cir.) 474 F.2d 581, 582 (1973). Only "where the [sentencing] judge's disclaimer of reliance on the invalid priors is in fact

---

1. Rule 35(a) provides:
   "RULE 35. CORRECTION OR REDUCTION OF SENTENCE
   "(a) Postconviction Remedy. Any person who has been sentenced by the Court may apply by motion for postconviction relief for any meritorious claim challenging the judgment of conviction including claims: (i) That the conviction was obtained or sentence imposed in violation of the Constitution and laws of this State or the United States; (ii) that the Court imposing the sentence was without jurisdiction to do so; or (iii) that the sentence imposed exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law. An application may be filed at any time, provided, however, that postconviction relief shall not be available so long as there is a possibility of taking a timely appeal from the judgment of conviction. Unless the motion and the files and records of

the case show to the satisfaction of the Court that the applicant is not entitled to relief, the Court shall cause notice thereof to be served on the Attorney General, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the Court finds the applicant is entitled to relief, the Court may set aside the judgment, release the applicant from custody, resentence the applicant, grant the applicant a new trial, or otherwise correct the judgment of conviction as may appear appropriate. The Court need not entertain a second motion or successive motions for similar relief on behalf of the same applicant."

2. We note that the *Lipscomb* procedure has been adopted by all Federal Courts of Appeal and specifically the Third Circuit in *U. S. v. Radowitz*, (3 Cir.) 507 F.2d 109 (1974).

contradicted by the record" will the case be remanded for resentencing without consideration of any prior invalid conviction. *Farrow v. United States*, 580 F.2d at 1348.

In the instant case, it is clear from the sentencing judge's comments at the time of sentence in 1970 that he gave sole consideration to the nature of the manslaughter offense and the circumstances directly related thereto, and that prior convictions were not enhancing factors in the determination of the sentence then being imposed. In response to the defendant's Rule 35(a) Motion, the sentencing judge reviewed the file of the case and, in a letter to the defendant, outlined the aggravating circumstances directly related to the manslaughter conviction relied on in arriving at the maximum sentence of 30 years: "the killing of an unarmed, crippled gardner, age 69, in the course of a burglary" while in possession of a gun.

There was no abuse of discretion in denying this Rule 35(a) Motion.

Affirmed.