842 F.2d 1293
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel JONES, Defendant-Appellant.
 No. 87-7313.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 26, 1987.
Decided March 9, 1988.
 
 Samuel Jones, appellant pro se.
 N. George Metcalf, Assistant U.S. Attorney, for appellee.
 Before JAMES DICKSON PHILLIPS, CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Samuel Jones, a federal inmate, appeals from the denial of his 28 U.S.C. Sec. 2255 motion. In his original motion, Jones raised three grounds for relief:
 
 
 2
 1.) that his appellate counsel was ineffective;
 
 
 3
 2.) that his trial counsel was ineffective because he failed to investigate and object to errors contained in Jones' presentence report; and
 
 
 4
 3.) that the length of his sentence was influenced by the inaccurate report.
 
 
 5
 Jones alleged the report was inaccurate because it listed two non-existent outstanding felony warrants and also included convictions which had been obtained when Jones was not represented by counsel. In United States v. Tucker, 404 U.S. 443 (1972), the Supreme Court ruled a prisoner who was sentenced on the basis of invalid prior convictions must be resentenced. However, resentencing is not necessary if the district court concludes that the contested convictions did not influence the length of the sentence at the time it was imposed. Brown v. United States, 483 F.2d 116 (4th Cir.1973); Stepheney v. United States, 516 F.2d 7 (4th Cir.1975). A finding that the sentence imposed was appropriate or not unreasonable does not end the inquiry required by Tucker. As the court in Stepheney noted, "[t]he fact of seeming general appropriateness now is not enough if the sentencing judge cannot say that he would not have imposed a lesser sentence had he been unaware of the prior conviction or had assumed its invalidity at the time of sentencing." Stepheney, 516 F.2d at 8.
 
 
 6
 The district court's order in this case is almost identical to that found insufficient in Stepheney. In three places, the district court states the sentence would be "appropriate" even if the contested convictions were not considered, but never unequivocally states that the same sentence would have been imposed in their absence. Therefore, we remand for more specific findings. If the district court finds it would have imposed the same sentence if the contested convictions had never been considered, nothing further is required. If the court cannot make this unequivocal finding, it must then evaluate the validity of the contested convictions and resentence Jones if the convictions are indeed invalid. See Stepheney, 516 F.2d at 9.
 
 
 7
 A similar analysis applies to the district court's denial of Jones' claim regarding the ineffectiveness of his trial counsel. If the district court finds that the same sentence would have been imposed even if the errors in the report had been brought to its attention, Jones was not prejudiced by the alleged ineffectiveness of his counsel and his claim must fail. Strickland v. Washington, 466 U.S. 668 (1984). If a different sentence would have been imposed, prejudice is shown, and the court must determine whether Jones' counsel met the constitutionally required level of competence.
 
 
 8
 Turning to Jones' next contention, we hold that the district court did not err in failing to consider a new claim raised by Jones in a pleading styled "Petitioner's Affidavit in Support of his 2255 Motion" which was filed in response to the respondent's answer and motion for summary judgment. Under Fed.R.Civ.P. 15(a), the court should freely grant a party leave to amend his complaint even after responsive pleadings have been filed. Here, however, there is nothing in Jones' pleading which could be construed as a request for leave to amend. Even under liberal rules of interpretation, a court should not be required to amend a complaint sua sponte every time a pleading is filed which arguably raises a new claim.
 
 
 9
 Finally, we hold that the district court correctly denied Jones' claim that his appellate counsel was ineffective.
 
 
 10
 In sum, we remand to the district court for more specific findings regarding the imposition of Jones' sentence and its possible impact on his ineffective assistance claim and affirm the judgment of the district court on all other issues. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 11
 AFFIRMED IN PART; REMANDED IN PART.