IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALFRED MAURICE LEWIS, JR., | § | |
| | § | No. 482, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below – Superior Court |
| | § | of the State of Delaware in |
| v. | § | and for New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1311017538 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 28, 2015
Decided: July 30, 2015

Before **HOLLAND**, **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 30th day of July 2015, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1)    The appellant, Alfred Maurice Lewis, Jr., is incarcerated at the James T. Vaughn Correctional Center.  While incarcerated on November 21, 2013, Lewis was found to be in possession of a cell phone and a cell phone charger.  Lewis was arrested and indicted on two counts of Promoting Prison Contraband.

(2)    On June 5, 2014, Lewis pled guilty to both counts of Promoting Prison Contraband.  At the guilty plea proceeding, the State noted that it would be filing a motion to declare Lewis a habitual offender.

(3)  On July 17, 2014, the State filed a motion to declare Lewis a habitual offender based on Lewis' 1997 guilty plea on a charge of Receiving Stolen Property, 2002 guilty plea on a charge of a Burglary in the Second Degree, and 2011 guilty plea on Assault in the Second Degree as a lesser included offense of Attempted Murder in the First Degree.  Lewis did not oppose the habitual offender motion.  At sentencing on August 29, 2014, the Superior Court declared Lewis a habitual offender under 11 *Del. C.* § 4214(a) and sentenced him to a total of six months at Level V, ninety days for each conviction of Promoting Prison Contraband.  This is Lewis' direct appeal.

(4)  On appeal, Lewis' appellate counsel ("Counsel")[1] has filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)").[2]  Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.  Lewis has submitted several claims for the Court's consideration.    The State has responded to Lewis' claims and has moved to affirm the Superior Court's judgment.

(5)  When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that Counsel has made a

---

[1] Lewis was represented by different counsel in the Superior Court.

[2] *See* Del. Supr. Ct. R. 26(c) (governing criminal appeals without merit).

conscientious examination of the record and the law for arguable claims.[3] The Court must also conduct its own review of the record and determine "whether the appeal is indeed so frivolous that it may be decided without an adversary presentation."[4]

(6) On appeal, Lewis contends that his indictment for two counts of Promoting Prison Contraband constituted "multiplicity," or the charging of a single offense in more than one count of the indictment, and subjected him to impermissible selective prosecution.[5] Also, Lewis contends that the Superior Court violated his right to due process when, in April 2014, it did not rule on his *pro se* "motion to dismiss or merge counts of indictment" but instead referred the motion to his defense counsel under Superior Court Criminal Rule 47.[6] Lewis'

---

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[4] *Penson v. Ohio*, 488 U.S. at 81.

[5] "The division of a single offense into multiple counts of an indictment violates the double jeopardy provisions of the Constitutions of the State of Delaware and of the United States." *Feddiman v. State*, 558 A.2d 278, 288 (Del. 1989). Impermissible selective prosecution is a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. "The Equal Protection Clause of the Fourteenth Amendment . . . protects against arbitrary and capricious classifications, and requires that similarly situated persons be treated equally." *Sisson v. State*, 903 A.2d 288, 314 (Del. 2006) (citing *Hughes v. State*, 653 A.2d 241, 247 (Del. 1994)).

[6] *See* Del. Super. Ct. Crim. R. 47 ("The court will not consider pro se applications by defendants who are represented by counsel unless the defendant has been granted permission to participate with counsel in the defense.").

3

claims were not raised in the Superior Court proceedings.  Our review is limited to plain error.[7]

(7)    Lewis' claims of defects or errors in the indictment were all waived by the entry of his guilty plea on June 4, 2014.[8]  Lewis cannot demonstrate plain error with respect to his indictment for two counts of Promoting Prison Contraband.

(8)    Lewis claims that the Superior Court should have applied a recent amendment of 11 *Del. C.* § 3901(d) when sentencing him on August 29, 2014.[9]  We have reviewed the claim for plain error and have found none.  Lewis was properly sentenced under the version of Section 3901(d) in effect on November 21, 2013, the date of the offenses.[10]

(9)    Lewis claims that the predicate convictions supporting the State's habitual offender motion did not satisfy the statutory requirements of 11 *Del. C.* §

---

[7] Del. Supr. Ct. R. 8.  "[P]lain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."  *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[8] *Bowers v. State*, 2007 WL 2359553, at *1 (Del. Aug. 20, 2007) (citing *Downer v. State*, 543 A.2d 309, 312-13 (Del. 1988)).  Notably, Lewis does not contend that his guilty plea was made involuntarily or unknowingly.

[9] 79 Del. Laws, ch. 297, § 1 (2014) (codified at 11 *Del. C.* § 3901(d)).  The amendment, which became effective July 9, 2014, allows for concurrent terms of confinement.

[10] *Ingram v. State*, 2014 WL 7010667 (Del. Dec. 9, 2014) (citing *State v. Ismaaeel*, 840 A.2d 644, 651-52 (Del. Super. 2004), *aff'd*, 2004 WL 1587040 (Del. June 25, 2004); *Lopez v. State*, 2014 WL 4898213 (Del. Sept. 29, 2014)).  In 2013, 11 *Del. C.* § 3901(d) provided that "[n]o sentence of confinement of any criminal defendant . . . shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant."

4214(a). We have reviewed the claim for plain error and have found none. Delaware law provides that it is the State's burden to establish that each predicate offense meets the requirements of the habitual offender statute beyond a reasonable doubt.[11] Moreover, when moving to declare a defendant to be a habitual offender under Section 4214(a), the State must establish that a defendant had some chance of rehabilitation following the sentencing on each prior conviction.[12] "Some chance of rehabilitation" requires a "specified number of separate encounters with the criminal justice system and a corresponding number of chances to reform."[13] In this case, the record reflects that, in its motion to declare Lewis a habitual offender, the State presented unambiguous documentary evidence of Lewis' predicate convictions and that Lewis had the requisite opportunity for rehabilitation between each of the offenses.

(10) Finally, Lewis attempts to challenge his sentencing as a habitual offender on claims that his 1997 conviction for receiving stolen property was "invalid," his 2002 conviction for second degree burglary was "incorrect," and that he is innocent of the assault conviction to which he pled guilty in 2011. We have reviewed the claims for plain error and have found none. Lewis' unproven claims

---

[11] *Hall v. State*, 788 A.2d 118, 127 (Del. 2001).

[12] *Buckingham v. State*, 482 A.2d 327, 330-31 (Del. 1984).

[13] *Payne v. State*, 1994 WL 91244, at *1 (quoting *Buckingham v. State*, 482 A.2d 327, 330 (Del. 1984)).

with respect to his prior convictions cannot serve as a basis to challenge his sentencing as a habitual offender.[14]

(11) Having conducted "a full examination of all the proceedings" and found "no nonfrivolous issue for appeal,"[15] the Court concludes that this appeal is "wholly without merit."[16] The Court is satisfied that Counsel made a conscientious effort to examine the record and the law and properly determined that Lewis could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/Karen L. Valihura
Justice

---

[14] *See Carpenter v. State*, 441 A.2d 636 (Del. 1982) ("The United States Supreme Court has held that convictions determined invalid . . . may not be considered in establishing the sentence for a later conviction.").

[15] *Penson v. Ohio*, 488 U.S. 75, 80 (1988).

[16] Del. Supr. Ct. R. 26(c).