Douglas Carroll GOODSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 76–2103.

United States Court of Appeals,
Fourth Circuit.

Argued May 4, 1977.

Decided Sept. 20, 1977.

James R. Acker and Thomas F. Loflin, III, Durham, N.C. (Loflin & Loflin, Durham, N.C., on brief), for appellant.

Jack B. Crawley, Jr., First Asst. U. S. Atty., Raleigh, N.C. (Carl L. Tilghman, U. S. Atty., Beaufort, N.C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Senior Circuit Judge, and WIDENER, Circuit Judge.

PER CURIAM:

Douglas Goodson was sentenced to two concurrent fifteen year prison terms, each with a five year special parole term, for possession of heroin with intent to distribute and distribution of heroin, under 21 U.S.C. § 841(a)(1). He appeals from the denial of his motion to vacate the sentences pursuant to 28 U.S.C. § 2255.

Goodson claims that he is entitled to a new trial, or at least resentencing, because he was inadequately represented by counsel during the trial and sentencing. We disagree.

■ Initially, Goodson contends that his counsel's failure to interview or to call for testimony a government informer who witnessed the drug transaction in question shows that he did not have effective assistance of counsel. However, the district court found that the attorney made a tactical decision that the informant's testimony would be detrimental to his client's case. Absent a showing that the tactical decision of counsel was so unreasonable in light of the need for the testimony that it amounted to a deprivation of an attorney who acted within "the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), we are reluctant to second guess the tactics of trial lawyers. *United States v. Burkley*, 511 F.2d 47, 50 (4th Cir. 1975). In all events, the defendant, although asked by his attorney, did not request his attorney to subpoena the witness. The finding of the district court to that effect is not clearly erroneous. F.R. C.P. 52(a). Accordingly, we believe that this contention is without merit.

■ Goodson next contends that, in the sentencing hearing, the district court improperly considered prior illegal convictions;[1] he also claims that his counsel's failure to object to the court's consideration of those convictions constituted ineffective assistance of counsel. The district court, after the § 2255 hearing, concluded that the length of the sentences imposed on Goodson was unaffected by the court's knowledge of the allegedly illegal convictions. It complied with and followed *Stepheney v. United States*, 516 F.2d 7, at p. 9 (4th Cir. 1975). Thus, the appellant would not have been harmed by any failure of his attorney to object to the consideration of the convictions. We also note no effort has been made to set them aside in other proceedings. See *Stepheney*, p. 9.

■ Goodson next complains that his attorney gave him inaccurate advice concerning the possibility of gaining a reduction of his sentences. It appears that the attorney erroneously told Goodson that the trial court did not have jurisdiction to reduce the sentences when in fact the court's jurisdiction extended for 120 days from the date of sentencing. F.R.Cr.P. 35. However, even if reliance on the attorney's misstatement caused Goodson to forego application for reduction of sentence, he was not prejudicially injured by such error. When he later filed a belated motion to reduce his sentence, the district court, while dismissing the motion as untimely, stated as an alternate reason, much in the manner approved in *Stepheney*, that even if the motion had been timely made, the court would not have reduced the sentence. The court thus did all it could have done had it vacated the sentences and resentenced Goodson. There is no contention the district court did not have adequate information at hand, and to remand the case for resentencing following such ruling would be futile and accomplish nothing. Even conceding technical error, we are of opinion it is harmless.

---

1. He contends that the prior convictions were illegal because he was unrepresented by counsel and therefore the district court should not have considered them in determining the sentence.

We have considered the other assignments of error and find they are without merit, save one.

One of Goodson's sentences must be vacated. He was convicted of possession of heroin with intent to distribute and of distribution of heroin. He received concurrent fifteen year sentences for each count, with a special parole term for each count as well.

■ Under the doctrine of *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), there may not be cumulative sentencing for the offense of possession of heroin with intent to distribute and the offense of distribution of heroin when it is "not shown" that the defendant had possession "separately from the moment in which the heroin was transferred to the government agent." *United States v. Atkinson*, 512 F.2d 1235, at p. 1240 (4th Cir. 1975).

■ Here, there is no such proof. The record reveals that the agent was taken by Goodson's co-conspirator to a meeting place. The agent and the co-conspirator sat in an automobile on one side of the street, and Goodson sat in a car on the opposite side. The co-conspirator carried the payment money to Goodson, while the government agent remained in the car, and returned with a tinfoil package which contained heroin. Thus, the evidence of Goodson's possession relates solely to the time he transferred possession of it to the co-conspirator, and Goodson could not be sentenced for both crimes.

Accordingly, the judgment of the district court is affirmed except the sentencing.[2] The case is remanded to the district court for the sole purpose of its vacating one of the two sentences.

*AFFIRMED IN PART and REMANDED.*

2. In holding that, while it may not be improper to convict of both offenses, it is improper to sentence for both, we follow the example of *Prince v. United States*, 352 U.S. 322, at p. 329, 77 S.Ct. 403 (1957); *United States v. Gaddis,*

424 U.S. 544, at p. 549, n. 12, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976); *Atkinson*, 512 F.2d p. 1240; *United States v. Stevens*, 521 F.2d 334, at p. 337 (6th Cir. 1975).