935 F.2d 1286
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald EVANS, Sr., Petitioner-Appellant,
v.
James ROLLINS, Warden, Maryland Penitentiary, Attorney
General of the State of Maryland, Respondents-Appellees.
 No. 91-6790.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 2, 1991.
Decided June 20, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CA-88-3722-HAR)
 Donald Evans, Sr., appellant pro se.
 Alfred H. Novotne, Special Assistant Attorney General, Baltimore, Md., for appellees.
 D.Md.
 DISMISSED.
 Before PHILLIPS and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Donald Evans, Sr., seeks to appeal the district court's order denying his petition for habeas relief under 28 U.S.C. Sec. 2254. He claimed that he was denied the right to confront a witness, that he was denied effective assistance of counsel, and that the trial court's failure to swear a court reporter who read transcript testimony into evidence was error. We deny a certificate of probable cause to appeal and dismiss.
 
 
 2
 The magistrate judge recommended that the petition be dismissed on grounds of procedural default, lack of prejudice from the alleged errors of attorneys, and lack of federal question. The district court adopted the magistrate judge's recommendation and dismissed the petition.[1] Evans moved for reconsideration; the motion was served within 10 days of the district court's order, excluding weekends and holidays. After filing the motion for reconsideration, but within the appeal period, Evans noted an appeal. This Court dismissed the appeal as premature under Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982). Evans v. Rollins, No. 89-7743 (4th Cir. Mar. 23, 1990) (unpublished). The district court denied the motion for reconsideration. Evans filed a second notice of appeal, and the appeal is now ripe for disposition.
 
 
 3
 The district court correctly dismissed Evans's claim that he was denied the right to confront the witnesses against him. He did not raise this claim in his direct criminal appeal, or in either of his first two state post-conviction relief proceedings. Evans raised this claim in his third petition for post-conviction relief. However, the state court denied the petition for two reasons: first, because the testimony of which he complained was elicited by his own attorney, and second, because he waived any objection by failing to raise it in any of the previous proceedings. Because the last state court which reviewed the case expressly relied on procedural bar as one of the reasons for dismissing this claim, the district court properly denied relief. Harris v. Reed, 489 U.S. 255 (1989); Felton v. Barnett, 912 F.2d 92 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3461 (U.S.1991).
 
 
 4
 The court also properly denied relief on the ineffective assistance claims. Evans's trial attorney's failure to bring a confrontation clause claim or call the victim's daughter to testify did not result in a denial of effective assistance.[2] The attorney's failure to call the daughter was a tactical decision, and as such it cannot be called ineffective.[3] Goodson v. United States, 564 F.2d 1071 (4th Cir.1977) (courts are reluctant to second-guess tactics of trial attorney's decision not to call witness). Evans failed to specify how his appellate and post-conviction counsel were ineffective, and no reasons appear in the record, so these claims were properly dismissed.
 
 
 5
 Finally, the court correctly found that the failure to swear the court reporter did not rise to the level of a constitutional violation. The admissibility of evidence does not present a federal question absent "circumstances impugning fundamental fairness or infringing specific constitutional protections." Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir.1960). The failure to swear the court reporter before he read transcribed testimony, though improper, was found to be harmless error on Evans's direct criminal appeal. Further, Evans has never claimed that the reporter's reading of the transcript was inaccurate. This claim does not rise to the level of a constitutional claim, and the district court properly dismissed it. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 6
 DISMISSED.
 
 
 
 [1]
 The district court noted that Evans had failed to object to the magistrate judge's report in a timely fashion. The original objections were not in the record; however, when he moved for reconsideration, Evans filed copies of his objections. The district court reviewed these objections when ruling on the Fed.R.Civ.P. 59 motion
 
 
 [2]
 It is likely that the attorney did not call the daughter to testify because he feared that she could identify Evans
 
 
 [3]
 Further, though the jury may have inferred from the witnesses' testimony and from Evans's failure to call the daughter that she could identify Evans, they may also have surmised that the prosecution's failure to call her meant that she could not identify him. Because neither inference is absolute, it is impossible to say that Evans was prejudiced by his attorney's actions, a necessary element of ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 694 (1984)