**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

AARON DERRICK GARRETT,
Plaintiff-Appellant,

v.

EARL BESHEARS, Warden; ATTORNEY
GENERAL OF THE STATE OF
MARYLAND,
Respondents-Appellees.

No. 97-7851

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-97-1916-WMN)

Submitted: April 30, 1998

Decided: May 19, 1998

Before ERVIN and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Aaron Derrick Garrett, Appellant Pro Se. John Joseph Curran, Jr.,
Attorney General, David Jonathan Taube, Assistant Attorney General,
Ann Norman Bosse, OFFICE OF THE ATTORNEY GENERAL OF
MARYLAND, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Aaron Garrett seeks to appeal the district court's order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Garrett contends that he received ineffective assistance of counsel because his attorney: (1) inadequately cross-examined the expert witness and one of the victims; (2) failed to challenge the competency of the five- and six-year-old victims; (3) failed to object to the State's leading questions posed during voir dire of one of the child witnesses; (4) failed to cross-examine most other witnesses; and (5) failed to request an instruction that the jury be precluded from considering inadmissible expert testimony that was based on hearsay. As to his first four claims of ineffective assistance, we find that Garrett failed to establish that the state court's adjudication of these claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C.A.§ 2254(d) (West 1994 & Supp. 1998); see Goodson v. United States , 564 F.2d 1071, 1072 (4th Cir. 1977). We find that Garrett's fifth claim of ineffective assistance of counsel is meritless because he failed to establish that he was prejudiced by his attorney's performance. See Strickland v. Washington, 466 U.S. 668, 694 (1984); see generally Morgan v. Foretich, 846 F.2d 941, 948-49 (4th Cir. 1988) (holding, in a civil case, that psychologist's testimony regarding statement of child sexual abuse victim was admissible under Fed. R. Evid. 803(4), which is substantially identical to Md. R. Evid. 5-803(b)(4)). Garrett's claim that the expert's testimony invaded the province of the jury is meritless. See, e.g., United States v. Safari , 849 F.2d 891, 895 (4th Cir. 1988). Finally, Garrett's hearsay claim is not independently cogniza-

2

ble on habeas review because he does not allege a constitutional vio-lation. See Gray v. Netherland, 99 F.3d 158, 161-62 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3597 (U.S. Feb. 26, 1997) (No. 96-7976).

We dispense with oral argument because the facts and legal conten-tions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3