**Terrence R. HANSFORD, Petitioner,**

v.

**Ronald J. ANGELONE, Respondent.**

**No. 01–CV–615.**

United States District Court,
E.D. Virginia,
Alexandria Division.

March 11, 2002.

---

Edward Allen Malone, Alexandria, VA, for Petitioner.

Terence R. Hansford, Dillwyn, VA, Pro se.

Susan Mozley Harris, Office of the Attorney General, Richmond, VA, for Respondent.

*MEMORANDUM OPINION*

LEE, District Judge.

Petitioner, Terrence R. Hansford, ("Hansford"), a Virginia inmate proceeding *pro se,* filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 attacking the validity of his conviction in the Circuit Court of Northumberland County, Virginia, for bank robbery, grand larceny and possession of a firearm by a felon. The issues presented are (1) whether the Supreme Court of Virginia improperly applied the *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) test of ineffective assistance of counsel; (2) whether trial counsel erred in failing to strike the evidence; (3) whether trial counsel erred in failing to object to the inclusion of two allegedly unqualified jurors; and (4) whether trial counsel erred in failing to object to a jury instruction regarding accessory liability and aiding and abetting.

For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed.

## I.

On May 5, 1998, Hansford was convicted by a jury of bank robbery, grand larceny and possession of a firearm by a felon. *Hansford v. Commonwealth,* Va. Cir. Ct. R. No. CR–16–98 through CR–18–98. On July 14, 1998, Hansford was sentenced to a total of twenty six years incarceration. With new appellate counsel, Hansford pursued a direct appeal to the Court of Appeals of Virginia, alleging that the jury list provided to counsel prior to trial was incomplete because it failed to provide the occupations of several people on the list and that the trial court abused its discretion when it failed to grant a continuance. The Court of Appeals of Virginia denied Hansford's appeal on April 21, 1999. *Hansford v. Commonwealth,* R. No. 1605–98–2 (Va.Ct.App. Apr. 21, 1999), *reh'g denied,* (Va. Ct.App. June 4, 1999). Hansford then pursued a direct appeal to the Supreme Court of Virginia, which refused his petition for appeal on September 23, 1999. *Hansford v. Commonwealth,* R. No. 991255 (Va. Sept. 23, 1999) *reh'g denied* (Va. Nov. 5, 1999).

On October 5, 2000, Hansford filed a state habeas corpus petition with the Supreme Court of Virginia, claiming:

1. His trial attorney was ineffective for:

 A. failing to properly preserve the question of the improper jury list

 B. failing to strike two jurors and failing to object to those jurors due to possible potential for prejudice;

 C. failing to object to prosecutorial misconduct during the opening statement and the closing statements;

 D. failing to request that the jurors be individually polled after the reading of the verdict;

 E. failure to move to strike the evidence on each of the charges;

 F. failing to move for a directed verdict; and

 G. failing to object to the constructive amendment of the charges against Hansford, by the opening statements of the prosecution and the inclusion of jury instructions . on aiding and abetting and accessory liability.

2. His counsel on appeal was ineffective for:

 A. failing to raise the sufficiency of the evidence on appeal; and

 B. failing to raise the "ends of justice" exception to the procedural bar in Rule 5A:18.

The Supreme Court of Virginia dismissed the habeas petition on March 26, 2001. *Hansford v. Warden of the Buckingham Corr. Ctr.,* R. No. 002458 (Va. Mar. 26, 2001) (unpublished).

On April 5, 2001, Hansford filed the instant federal habeas corpus petition asserting:

1. Trial Counsel was ineffective for:

 A. 1. failing to object to the seating of two jurors for cause;

 2. Failing to move to have the jury polled after the verdict was rendered;

 B. failing to object to repeated prosecutorial misconduct;

 C. 1. failing to object to the prosecution's addition of aiding and abetting charges during voir dire;

 2. failing to object to the constructive amendment of the charges

by the addition of jury instructions on aiding and abetting and accessory liability;

D. failing to preserve issues of sufficiency of the evidence for appeal by offering a motion to strike the evidence on all of the charges.

On October 2, 2001, respondent filed a Motion to Dismiss. Hansford was given the opportunity to file responsive materials. In the responsive materials, filed with the assistance of counsel, Hansford raised a new argument that the inclusion of jury instructions on accessory liability and aiding and abetting improperly confused the jury. Respondent has filed a reply to Hansford's responsive motion. Additionally, Hansford requested a hearing on the petition on February 14, 2002, to which respondent's have filed a brief in opposition. Accordingly, this matter is now ripe for disposition.

## II.

■ Respondent argues that the claim raised in Hansford's response to the Motion to Dismiss, that the "constructive amendment" of the charges through the jury instructions confused the jury, is barred from federal habeas review because it was not brought squarely before the Supreme Court of Virginia in the state habeas petition. Claims presented to the state court must be "presented face-up and squarely; the federal question must be plainly defined." *Mallory v. Smith,* 27 F.3d 991, 994 (4th Cir.1994). Further, "a habeas petitioner cannot simply apprise the state court of the facts underlying a claimed constitutional violation, *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 74

L.Ed.2d 3 (1982) (per curiam); the petitioner must also explain how those alleged events establish a violation of his constitutional rights." In other words, a petitioner cannot simply raise the specter of ineffective assistance of counsel in a state petition and then raise completely new specific factual allegations in a subsequent federal petition. Accordingly, we conclude that the petitioner has not "straight-up or squarely" exhausted the ineffective assistance of counsel claim in the state courts.

■ As a general rule, a petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts, and failure to exhaust requires dismissal from federal court so that the petitioner may present his claims to the state courts. *See Granberry v. Greer,* 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); 28 U.S.C. 2254(b).

In the instant case, respondent argues that petitioner would be barred from bringing these "new" claims before the Supreme court of Virginia on a successive habeas petition pursuant to Virginia Code § 8.01–654(B)(2).[1] Petitioner does not address why he failed to present this claim in his previous petition. Thus, it is clear that petitioner would be barred from presenting these claims on a subsequent petition to the Supreme Court of Virginia.

■ "[A] claim that has not been presented to the highest state court nevertheless may be treated as exhausted [be a federal court on habeas review] if it is

---

1. Va.Code § 8.01–654(B)(2):
 Such petition shall contain all allegations the facts of which are known to petitioner at the time of the filing and such petition shall enumerate all previous applications

 and their disposition. No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition.

clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker v. Corcoran,* 220 F.3d 276, 288 (4th Cir.2000) (citing *Gray v. Netherland,* 518 U.S. 152, 161, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996)). And further, when "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Id.* at 288 (quoting *Gray,* 518 U.S. at 162, 116 S.Ct. 2074). The procedural rule appearing in Va.Code § 8.01–654(B)(2) is independent and adequate state law ground for denying federal habeas relief. *Clagett v. Angelone,* 209 F.3d 370, 379 (4th Cir.2000). Hansford has presented no cause or prejudice for his default; he is thus barred from raising this claim on federal habeas review. The additional claim raised in 'Hansford's response, that the jury instructions confused the jury, must be dismissed.

## III.

Hansford's original claims will be reviewed on the merits under the standard set forth in 28 U.S.C. § 2254(d). When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is

based on an independent review of each standard. *See Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court determination meets the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams,* 529 U.S. at 413, 120 S.Ct. 1495. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* Moreover, this standard of reasonableness is an objective one. *Id.* at 410, 120 S.Ct. 1495.[2]

### A. *Ineffective Assistance of Counsel*

Hansford's claims state that he received ineffective assistance of counsel. As the transcript does not support findings of incompetence and prejudice for Hansford's allegations, the Court will grant respondent's motion to dismiss.

To prevail on an ineffective assistance of counsel claim, a court must determine (1) "whether, in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance," *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (defining ineffective assistance of counsel as falling below an objective standard of reasonableness; specifying a strong presumption of

---

**2.** The Court concluded that to the extent that the Fourth Circuit implied in *Green v. French,* 143 F.3d 865 (1998), *cert. denied,* 525 U.S. 1090, 119 S.Ct. 844, 142 L.Ed.2d 698 (1999), that the reasonableness standard was subjec-

tive and determined with reference to "reasonable jurists," the Fourth Circuit's holding was erroneous. *See Williams,* 529 U.S. at 407–08, 120 S.Ct. 1495.

competence and deference to attorney judgment), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. "The petitioner must show both deficient performance and prejudice; the two are separate and distinct elements of an ineffective assistance claim." *Spencer v. Murray*, 18 F.3d 229, 232–33 (4th Cir.1994). Moreover, "[i]f there is no prejudice, a court need not review the reasonableness of counsel's performance." *Quesinberry v. Taylor*, 162 F.3d 273, 278 (4th Cir.1998). Finally, "[j]udicial scrutiny of counsel's performance must be highly deferential," *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052, and the Court must "presume that challenged acts are likely the result of sound trial strategy." *Spencer*, 18 F.3d at 233.

### 1. Preliminary Arguments

■ In his response to the Motion to Dismiss, Hansford argues that the Supreme Court of Virginia erred in its analysis of his claims by applying the *Strickland* standard to each individual claim of ineffective assistance, rather than looking at the totality of the circumstances. However, the Fourth Circuit expressly held that ineffective assistance of counsel claims, like claims of trial court error, must be reviewed individually, rather than collectively. *Fisher v. Angelone*, 163 F.3d 835, 852 (4th Cir.1998). In other words, if individual claims fail the two-pronged *Strickland* test, they cannot be aggregated in an attempt to satisfy *Strickland*. Thus Hansford's initial argument fails.

Hansford also argues that the Supreme Court of Virginia applied an incorrect burden of proof on his *Strickland* claims, stating that the court required a showing "beyond a reasonable doubt." As both Hansford and respondent claim, a peti-

tioner's burden is to show "a reasonable probability that, but for counsel's errors, the result would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. A review of the trial record and petitioner's submissions to the Supreme Court of Virginia reveals, however, that the Supreme Court of Virginia did not require proof "beyond a reasonable doubt." Rather, the court stated that Hansford had "failed to show there would be a reasonable probability that the outcome of his trial would have differed" or "failed to allege facts demonstrating how he was prejudiced." Thus, Hansford's second argument fails.

### 2. Claim A

In Claim A, Hansford makes two distinct claims; one two-part claim alleging that counsel's failure resulted in a biased jury and the second alleging that trial counsel was ineffective for failing to request a poll of the jury after the verdict was rendered.

■ Hansford's first claim alleges in part that his trial counsel was ineffective in failing to object to the seating of a longtime depositor of the bank in which the robbery occurred or of a juror whose daughter-in-law was an employee of the bank. Although a stockholder in a robbed bank is not considered indifferent, *Salina v. Commonwealth*, 217 Va. 92, 225 S.E.2d 199 (1976), a depositor in that same bank would not have the same financial interest. In addition, although a close family member of a deceased victim would be deemed biased, *Jaques v. Commonwealth*, 51 Va. 690 (1853), a family relationship with an employee of a bank does not have the same compelling tie. Only one of the potential jurors present stated that she believed that the connection would affect her ability to render a fair and impartial verdict. Tr. at 445–49. That juror was ex-

cused by the Court after a conference with counsel. Tr. at 450.

Because none of the potential jurors had connections to either Hansford or the victim bank that would amount to *per se* bias, there is no presumption of prejudice. As a result, Hansford must allege facts demonstrating how he was prejudiced by counsel's apparent inaction. The Supreme Court of Virginia found that Hansford had failed to allege facts demonstrating prejudice. *Hansford,* R. No. 263914 at 2. Hansford has not shown this finding to be incorrect, and has thus not established prejudice.

■ Finally, the second part of Claim A alleges that counsel was ineffective for failing to move to poll the jury. Assuming, arguendo, that failure to move for a poll of the jury is deficient performance, Hansford has not shown how the failure to make such a motion affected the jury's verdict. As the Supreme Court of Virginia stated, "[p]olling the jury occurs after the jury renders its verdict." *Hansford,* R. No. 003458 at 2. Moreover, although Hansford suggests that polling might have shown improper coercion or that the jury foreman misrepresented the jury's decision, he has not alleged any specific facts which would support his conclusory statements. Thus, Hansford has failed to show prejudice for this portion of his claim.

Accordingly, in denying Hansford's Claim A, the Supreme Court of Virginia did not unreasonably apply or act contrary to federal law. As a result, Claim A must be dismissed.

3. Claim B

■ In Claim B, Hansford alleges that trial counsel was ineffective for failing to object to two separate instances of prosecutorial misconduct in the opening statement, and other instances in the closing statement. Even assuming, arguendo,

that the remarks constituted prosecutorial misconduct, it is not inadequate assistance *per se* for a defense attorney to refrain from making an objection. "Constitutionally effective assistance does not require the assertion of every possible valid objection." *Moore v. United States,* 934 F.Supp. 724, 727 (E.D.Va.1996). Indeed, it is frequently better to remain silent rather than to draw attention to the matter. *Id.* Additionally, decisions regarding trial tactics and strategy, such as which jurors to strike, which motions should be made, the timing of motions, whether and how to cross-examine a witness, and which evidence to present are the exclusive province of the attorney, after consultation with the client. ABA Defense Function Standard 4–5.2(b) (1992). A claim of ineffective assistance of counsel does not open the flood gates to second guessing the tactics of trial lawyers. *See Goodson v. United States,* 564 F.2d 1071, 1072 (4th Cir.1977); *see also Stamper v. Muncie,* 944 F.2d 170 (4th Cir.1991) (petitioner's claims amounted to nothing more than "Monday morning quarterbacking"); *McDougall v. Dixon,* 921 F.2d 518 (4th Cir.1990) (court would not second guess strategy behind counsel's closing argument), *cert. denied,* 501 U.S. 1223, 111 S.Ct. 2840, 115 L.Ed.2d 1009 (1991); *Clozza v. Murray,* 913 F.2d 1092, 1097 (4th Cir.1990) (concession of guilt was a reasonable strategy under the circumstances). Thus, Hansford has not shown that failure to object to the prosecutor's remarks was ineffective assistance.

Moreover, Hansford has not shown prejudice. He merely alleges that the remarks were so egregious in the context of the trial that they rendered the trial fundamentally unfair. The court will not accept as true "conclusory allegations regarding the legal effect of the facts alleged." *Labram v. Havel,* 43 F.3d 918, 921 (4th Cir.1995). Thus, as the Supreme

Court of Virginia determined,[3] Hansford has not "show[n] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. As a result, the Supreme Court of Virginia did not unreasonably apply or act contrary to federal law when it dismissed the claims brought in Claim B. Accordingly, Claim B must be dismissed.

### 4. Claim C

 In Claim C, Hansford alleges that his counsel was ineffective when he failed to object to the inclusion of aiding and abetting charges at voir dire, and to the inclusion of jury instructions on aiding and abetting and accessory liability. As Hansford argues, failure to notify a defendant of the elements of the charges against him violates the Fifth Amendment due process clause. *United States v. Fogel,* 901 F.2d 23 (4th Cir.1990). However, aiding and abetting need not be charged in an indictment to support a conviction on that theory. *Pigford v. United States,* 518 F.2d 831 (4th Cir.1975); Va.Code § 18.2–18 (principals in the second degree and accessories before the fact are indicted, tried, convicted and punished as if principals in the first degree). A conviction for being an accessory after the fact is a conviction for a lesser included offense, which also would not require mention in the indictment. Thus, Hansford's claims are meritless. Trial counsel cannot be ineffective for failure to raise a meritless argument. Moreover, an attorney who files a motion that has no basis in law may face possible court sanctions. *See* 18 U.S.C. § 3162(b). As a result, the Supreme Court of Virginia did not unreasonably apply or act contrary to federal law when it dismissed the claims

brought in Claim C. Thus, Claim C must be dismissed.

### 5. Claim D

 In Claim D, Hansford argues that trial counsel was ineffective for failing to preserve the issue of the sufficiency of the evidence for appeal through a motion to strike the evidence on each of the charges. The transcript reveals that counsel did move to strike the evidence, specifically as to the marijuana charge, and somewhat less specifically regarding the grand larceny charges and the bank robbery charges. Tr. at 332–33. The "other" charges to which trial counsel refers to in the quote by Hansford are the conspiracy charge and the firearm charge. Tr. at 333. Moreover, counsel specifically states that he believed sufficient evidence had been presented to overcome a motion on those charges, and that "it would not be helpful for the jury to see that." *Id.* Thus, trial counsel's decision not to move to strike the evidence on the two remaining charges was a decision of trial tactics and strategy, and is given considerable deference. *See supra,* Part 3.

Even assuming, arguendo, that trial counsel's behavior was objectively unreasonable, it is unclear what, if any, prejudice Hansford suffered. The trial court construed counsel's motion as a motion to strike all of the charges: "The Court is going to deny the motion as to the four main charges. We will sustain it as to the marijuana charge." Tr. at 334. Thus, Hansford has not shown that he was prejudiced by counsel's actions or inactions. Accordingly, in denying Hansford's claim D, the Supreme Court of Virginia did not unreasonably apply or act contrary to federal law. As a result, Claim D must be dismissed. No other claims remain.

**3.** *Hansford v. Warden,* R. No. 002458, at 3–4 (Va. Mar. 26, 2001).

## IV.

For the reasons stated above, Hansford's petition for a writ of habeas corpus must be dismissed. An appropriate Order shall issue.