**Dennis Marc KING, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. CIV.2:00CV714.**
**No. CRIM.2:99CR36.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Aug. 9, 2002.

---

Keith Loren Kimball, Colgan, Kimball & Carnes, Virginia Beach, VA, for petitioner.

James A. Metcalfe, Assistant United States Attorney, Norfolk, VA, for USAt.

## OPINION

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on petitioner Dennis Marc King's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. For the reasons set forth below, petitioner's motion is **DENIED**.

### I. Factual and Procedural History

On April 30, 1999, petitioner pled guilty to one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The plea agreement stated that the maximum penalty for this offense, in addition to a fine and a term of supervised release, was a term of ten years imprisonment, the maximum term provided in 18 U.S.C. § 924(a)(2).[1] The

---

1. The indictment also cites 18 U.S.C. § 924(a)(2).

court so informed petitioner during the Rule 11 colloquy.

In the Presentence Investigation Report ("PSR"), however, which was prepared on August 16, 1999, the probation officer indicated that petitioner qualified as an armed career criminal because he had three prior felony convictions for controlled substance offenses and/or crimes of violence occurring on different occasions and was, therefore, subject to an enhanced penalty under 18 U.S.C. § 924(e)(1), which provides for a mandatory minimum term of imprisonment of fifteen years (180 months). In accordance with United States Sentencing Commission, *Guidelines Manual,* § 4B1.4 (Nov.1998) ("USSG"), petitioner's offense level was raised to reflect the enhancement.[2] At the sentencing hearing on September 29, 1999, petitioner objected only to the probation officer's failure to award a reduction in offense level for acceptance of responsibility.[3] The court sustained the objection and awarded a three-point reduction. The court then sentenced petitioner to the mandatory minimum of 180 months.[4] Petitioner did not appeal his sentence.

Petitioner filed his motion pursuant to 28 U.S.C. § 2255, raising four grounds of collateral attack: (1) his guilty plea was involuntary because the court violated Rule 11(c) by failing to inform petitioner of the mandatory minimum sentence he would face; (2) his attorney was ineffective

for failing to move for the withdrawal of his guilty plea or to note an appeal based on the involuntary nature of his plea; (3) his sentence enhancement under 18 U.S.C. § 924(e)(1) and USSG § 4B1.4 for being an armed career criminal violated his due process rights, because the enhanced penalty was not charged in his indictment; and (4) two of the three predicate offenses used to enhance his sentence under 18 U.S.C. § 924(e)(1) did not meet the criteria for application of that statutory provision.

This court ordered that an evidentiary hearing be held to resolve the factual issue of whether petitioner asked his trial attorney to note an appeal. The court also ordered that counsel be appointed to represent petitioner in that hearing. Petitioner's trial attorney, petitioner, and petitioner's brother, Scott King, each testified at the hearing.[5] Pursuant to this court's ruling from the bench, both parties submitted supplemental briefs for the court's consideration. Thus, the issues before this court have been fully briefed by each party, the court has held an evidentiary hearing with respect to petitioner's motion, the full record has been reviewed by the court, and this matter is ripe for decision.

## II. Discussion

■ Petitioner proceeds under 28 U.S.C. § 2255,[6] which provides that "[a]

**2.** *See infra* note 4.

**3.** Petitioner also requested that some minor corrections be made to the PSR, and the court made these corrections.

**4.** Prior to the court's sustaining petitioner's objection, the PSR reflected a total offense level of 22 under USSG § 2K2.1, which was then replaced by an offense level total of 33, pursuant to USSG § 4B1.4 (Armed Career Criminal). Petitioner was assigned a Criminal History Category of VI, resulting in a guideline range of 235–293 months. After the court awarded a three-level reduction for ac-

ceptance of responsibility, petitioner's offense level total of 19 was raised to 30, *see* USSG § 4B1.4(b), which, with Criminal History Category VI, resulted in a guideline range of 168–210 months.

**5.** This court found petitioner's trial attorney, Robert C. Neeley, Jr., to be a credible witness.

**6.** As a threshold matter, the court rejects the government's request that the court enforce the § 2255 waiver in petitioner's plea agreement. Petitioner essentially claims that he did not knowingly enter into his plea agreement, because he was misinformed regarding

prisoner in custody under sentence of a court established by Act of Congress claiming ... that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." *Id.* A petitioner collaterally attacking his sentence or conviction pursuant to § 2255 bears the burden of proving by a preponderance of the evidence that his sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. *See id.; Miller v. United States,* 261 F.2d 546, 547 (4th Cir.1958) (per curiam).

### A. Involuntary Guilt Plea

Petitioner alleges that it was manifestly unjust that he was sentenced to fifteen years imprisonment after being promised by the government, in the form of a plea agreement, and by the court, during the plea colloquy, that the maximum term of incarceration to which he was subject was ten years. He then basically claims that his lack of notice of the requisite mandatory minimum sentence of fifteen years made his guilty plea unknowing and involuntary. He requests specific performance of his plea agreement,[7] or, in the alternative, he requests that his plea be vacated

and that he be given the opportunity to proceed to trial.

The court construes petitioner's request that his plea be vacated and that he be allowed to go to trial as a claim that the court violated Federal Rule of Criminal Procedure 11(c) in not properly informing petitioner of the mandatory minimum term of incarceration during the plea colloquy. Because petitioner did not raise this objection before the court at sentencing, or on appeal, the claim may be reviewed on its merits only if petitioner can establish "(1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady,* 456 U.S. 152, 168, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *see United States v. Mikalajunas,* 186 F.3d 490, 492–95 (4th Cir.1999) (applying *Frady* on collateral review to sentencing enhancement error not raised on direct appeal); *United States v. Maybeck,* 23 F.3d 888, 891 (4th Cir.1994) (holding *"Frady"* cause and prejudice standard applies to ... collateral challenges to unappealed guilty pleas); *see also Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) ("[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review. Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.' "); *United States v. Walsh,* 733 F.2d 31 (6th Cir.1984) (petitioner's failure to contest voluntariness of his guilty plea prior to

---

the maximum penalty to which he would be subjected. Despite his § 2255 waiver, petitioner did not waive his right to collaterally challenge his conviction on the grounds he now raises. *See Butler v. United States,* 173 F.Supp.2d 489, 493–94 (E.D.Va.2001) (holding that § 2255 waivers "should not bar ineffective assistance of counsel claims or claims that a guilty plea was involuntary"). Thus, although the court may be unable to grant the remedy petitioner seeks, the court will not

enforce petitioner's waiver to file a § 2255 motion.

7. Because the court was legally required to sentence petitioner to a mandatory minimum sentence of fifteen years, *see* 18 U.S.C. § 924(e)(1), specific performance of his plea agreement with the government, providing for a maximum sentence of ten years, is beyond the power of this court.

sentencing or on direct appeal precluded him from raising issue in § 2255 motion).[8]

Even if petitioner cannot show cause and actual prejudice for his procedural default under *Frady,* he can still prevail if he can demonstrate that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack" due to his "actual innocence." *Mikalajunas,* 186 F.3d at 493. The Fourth Circuit explained that

> [t]he existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence.

*Id.* (citing *Murray v. Carrier,* 477 U.S. 478, 488, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)); *accord Sawyer v. Whitley,* 505 U.S. 333, 339, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992) (absent cause and prejudice to excuse habeas petitioner's procedural default, court may address merits of claims on a showing of actual innocence). *See generally United States v. Davis,* 954 F.2d 182, 184 (4th Cir.1992) (to prevail on motion to withdraw guilty plea after sentencing, defendant "must prove that failure to allow withdrawal of the guilty plea would result in a 'miscarriage of justice' ") (citation omitted).

■ As discussed *infra* § II.B., petitioner's counsel was not ineffective for failing to raise this claim at sentencing or on appeal. Also, at the time of petitioner's sentencing, Rule 11 claims were not novel. *See, e.g., United States v. Goins,* 51 F.3d 400 (4th Cir.1995). Thus, petitioner cannot demonstrate cause for procedurally defaulting this claim. Moreover, as explained *infra* § II.B.1., petitioner in all likelihood would receive a greater sentence of imprisonment were he to go to trial. Further, petitioner does not now claim that he is innocent of the felon in possession charge,[9] and he cannot demonstrate actual innocence of being an armed career criminal.[10] Thus, petitioner has not demonstrated a resulting miscarriage of justice by showing his actual innocence with clear and convincing evidence.

## B. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a petitioner must prove both: "(1) deficient performance and (2) prejudice." *Lockhart v. Fretwell,* 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *see Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Failure to meet either prong defeats a litigant's ineffective assistance of counsel claim. *See Strickland,* 466 U.S. at 700, 104 S.Ct. 2052. The court need not address both components of the test if the litigant makes an insufficient showing on one

---

**8.** The court notes that had petitioner challenged the Rule 11 colloquy at sentencing or on direct appeal, he would have prevailed. *See United States v. Goins,* 51 F.3d 400 (4th Cir.1995) (failure of district court to advise defendant of mandatory minimum sentence, when defendant was unaware of minimum, required that defendant's sentence be vacated so that defendant could plead anew); *see also United States v. Rodriguez,* 205 F.3d 1336 (4th Cir.2000), 2000 WL 227421, at *1 (unpublished table decision). However, petitioner knowingly and voluntarily did not raise this issue with the court at sentencing or note an appeal, even after receipt and review of his PSR and after discussions with his attorney regarding this issue. *See infra* § II.B. Therefore, the court analyzes this claim under the rules and standards of procedural default.

**9.** *See infra* note 16.

**10.** *See infra* § II.D.

prong of the test. *See id.* at 697, 104 S.Ct. 2052.

To prove deficient performance, a litigant must show that "counsel's representation fell below an objective standard of reasonableness," which is "simply reasonableness under prevailing professional norms ... considering all the circumstances." *Id.* at 688, 104 S.Ct. 2052. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. 2052. In considering whether an attorney's performance was deficient, a court should be "reluctant to second guess the tactics of trial lawyers." *Goodson v. United States,* 564 F.2d 1071, 1072 (4th Cir.1977) (per curiam). The petitioner making a claim of ineffective assistance of counsel "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052. Because of the difficulties involved in assessing whether counsel's performance was deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689, 104 S.Ct. 2052 (internal quotation marks omitted).

To prove prejudice, a litigant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052.

**1.  Failure to seek specific performance or move for withdrawal of the guilty plea**

■ Petitioner claims that his counsel was ineffective for failing to seek specific performance of the plea agreement or to move for withdrawal of the guilty plea. Counsel's failure to seek specific performance of the plea agreement was neither deficient nor caused petitioner to be prejudiced, because specific performance would not be an appropriate remedy under these circumstances.[11] The government had no authority to set petitioner's sentence, and thus, the fact that petitioner was sentenced to a term of imprisonment that exceeded the maximum specified in the plea agreement was not a breach of the agreement on the part of the government.

■ Petitioner's claim that counsel was ineffective for failing to move for withdrawal of the plea also fails. Petitioner was indicted on a count of possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k), in addition to the felon in possession charge to which he pled guilty. As part of the plea agreement, the government agreed to move for dismissal of this additional charge. Even ignoring the additional count, there was a strategic reason for going forward with sentencing. Considering only the felon in possession charge, if petitioner had gone to trial and lost, he clearly would have risked losing the three-point reduction for acceptance of responsibility. *See* USSG § 3E1.1, comment. (n. 2) (explaining that "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse").[12]

---

11.  *See supra* note 7.

12.  The application note goes on to explain that

In that case, the guideline range would have been 235–293 months, and consequently, petitioner would have received at least 235 months, more than the fifteen-year mandatory minimum that he received.[13] Because the plea was not withdrawn and the objection counsel filed regarding acceptance of responsibility was sustained, petitioner's guideline range was 168–210 months, adjusted to 180–210 months because of the armed career criminal enhancement.[14] Thus, petitioner was sentenced to 180 months, compared to the sentence of at least 235 months that, in all likelihood, he would have received had he withdrawn his plea and gone to trial.

Moreover, the court finds that petitioner's attorney, Robert C. Neeley, Jr.,[15] discussed with petitioner the option of withdrawing his guilty plea prior to sentencing. (Tr. of Mot. to Vacate Hr'g, Oct. 1, 2001, at 43–44, 62.) It was Mr. Neeley's opinion that had petitioner chosen to withdraw his plea, he would have likely been found guilty by a jury. (*Id.* at 43.) [16] Petitioner was also concerned about his ability to secure a motion based on his "substantial assistance" from the government pursuant to Federal Rule of Procedure 35(b). (*Id.* at 43–44, 62.) Given the sound advice of Mr. Neeley, petitioner "decided to go forward to sentencing, and . . . try to get the

substantial assistance [motion]." (*Id.* at 62.) Further, petitioner himself acknowledged at the beginning of his sentencing that he had received and reviewed his PSR with Mr. Neeley. (Tr. of Disp. Hr'g, Sept. 29, 1999, at 2.) Petitioner obviously knew of the enhancement for being an armed career criminal before sentencing, as it was clearly in the PSR.[17] Petitioner was given an opportunity to address the court before he was sentenced and he never raised this issue. (*Id.* at 12.)

Because there was a strategic reason for not moving for withdrawal of the plea, and counsel discussed this issue with petitioner prior to sentencing, counsel was not ineffective in this regard. Petitioner made a strategic decision and opted not move to withdraw his guilty plea in an attempt to secure a Rule 35(b) motion from the government. Given petitioner's strategic choice, this court will not second guess counsel's decision. *See generally Goodson,* 564 F.2d at 1072 (court should be deferential to trial attorney's tactics). Indeed, even though petitioner failed to secure a Rule 35(b) motion, Mr. Neeley's decision to forego an appeal did not amount to ineffective assistance of counsel. *Cf. Mikalajunas,* 186 F.3d at 493 ("Counsel's failure to pursue a basis for appeal by reason of a

---

[i]n rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (*e.g.,* to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct.)

USSG § 3E1.1, comment. (n. 2). Although petitioner now challenges the application of 18 U.S.C. § 924(e)(1) to increase his sentence, that is a separate issue from the question of his guilt of the felon in possession charge and his acceptance of responsibility thereon.

**13.** *See supra* note 4 (summarizing the guideline calculations).

**14.** Moreover, petitioner is not "actually innocent" of being an armed career criminal under 18 U.S.C. § 924(e)(1), *see infra* § II.D., so the enhancement would still apply if he went to trial and was found guilty.

**15.** *See supra* note 5.

**16.** Petitioner admitted under oath, during the plea colloquy, that he is guilty of the felon in possession charge, and does not now claim otherwise.

**17.** *See supra* at 1–2 and note 4.

mere miscalculation of the likelihood of success does not constitute constitutionally ineffective representation.").

Petitioner has failed to show that his counsel's performance was deficient in not moving to withdraw petitioner's guilty plea or in not seeking specific performance of the plea agreement. Mr. Neeley exercised reasonable professional judgment and consulted with petitioner in the process. Petitioner cannot prevail on this ground.

### 2. Failure to notice appeal

Petitioner additionally alleges that his counsel was ineffective for failing to note an appeal after petitioner indicated that he wished to appeal his sentence. *See Roe v. Flores–Ortega,* 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."). Based on the credible testimony presented in the evidentiary hearing,[18] the court finds that petitioner never requested Mr. Neeley to note an appeal. (Tr. of Mot. to Vacate Hr'g, Oct. 1, 2001, at 50–62, 67.)[19] Thus, petitioner is entitled to no relief on this ground.

### C. Due Process Violation

■ Petitioner alleges that his due process rights were violated by being sentenced as an armed career criminal, when violation of that provision was not alleged in the indictment. Because petitioner failed to raise this issue at sentencing or on direct appeal, he must meet the proce-dural default requirements of cause and actual prejudice set forth in *Frady,* 456 U.S. at 167–68, 102 S.Ct. 1584, or he must demonstrate that this court's failure to grant relief on this ground would result in a miscarriage of justice. *See Mikalaju-nas,* 186 F.3d at 493.[20] Petitioner fails to meet these criteria.

Petitioner bases his allegations that his due process rights were violated on a suggestion in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), was wrongly decided. *See* 530 U.S. at 489, 120 S.Ct. 2348 (stating that "it is arguable that *Almendarez–Torres* was incorrectly decided"). In *Almendarez–Torres,* the indictment charged the defendant with violation of 8 U.S.C. § 1326(a), which prohibits an alien who has been deported from returning to the United States without special permission and provides for a maximum prison term of two years. The defendant was sentenced pursuant to 8 U.S.C. § 1326(b)(2), which provides that, in the case of an alien described in § 1326(a) who has been convicted of the commission of an aggravated felony, the maximum prison term is twenty years. The Court held that a "penalty provision, which simply authorizes a court to increase the sentence for a recidivist ... does not define a separate crime," and, "[c]onsequently, neither the statute nor the Constitution require the government to charge the factor that it mentions, an earlier conviction, in the indictment." *Almendarez–Torres,* 523 U.S. at 226–27, 118

---

18. *See supra* note 5.

19. Moreover, as discussed *supra* § II.B.1., there were strategic reasons not to move to withdraw the guilty plea or to appeal. Petitioner opted for a Rule 35(b) motion, which did not come to fruition. While in no way dispositive, the court notes that petitioner waited until the very end of the one-year time period for a Rule 35 motion to be filed before filing his § 2255 motion, further bolstering Mr. Neeley's testimony in this regard.

20. *See supra* § II.A. for discussion of the standards petitioner must meet to overcome his procedural default.

S.Ct. 1219. On the basis of the Court's suggestion in *Apprendi* that the decision in *Almendarez–Torres* may have been incorrect, petitioner here argues that the government should have charged the predicate felonies in the indictment.

In view of the fact that *Apprendi* was not decided until June 26, 2000, months after petitioner's sentencing on September 24, 1999, petitioner's counsel was not deficient for failing to raise this argument. At the time of petitioner's sentencing, there was no reason to even doubt the holding of *Almendarez–Torres.* Moreover, petitioner does not argue that an intervening change in the law demonstrates cause for his procedural default. *See Mikalajunas,* 186 F.3d at 493. However, even if petitioner did so argue, the court would reject his argument, because the law has not changed. A suggestion in a Supreme Court opinion that an earlier decision may have been wrongly decided does not make for a change in law sufficient to excuse a procedural default. Until the Fourth Circuit or the Supreme Court holds to the contrary, this court is bound by extant precedent. Consequently, petitioner cannot show cause to excuse his procedural default, nor can he demonstrate that a miscarriage of justice would result from this court's failure to entertain this ground on collateral attack. Petitioner simply cannot show his actual innocence of qualifying as an armed career criminal under 18 U.S.C. § 924(e)(1).[21]

### D. Armed Career Criminal Challenge

Finally, petitioner maintains that he is actually innocent of being an armed career criminal because two of the three predicate offenses used to enhance his sentence under 18 U.S.C. § 924(e)(1) do not meet the criteria for application of that statutory provision. *See Mikalajunas,* 186 F.3d at

493–95 (discussing *Maybeck* and applying *Frady* "actual innocence" exception to guideline enhancement in noncapital case); *Maybeck,* 23 F.3d at 892–94 (applying "actual innocence" exception in context of habitual offender provisions in noncapital sentencing). Subsection (e)(1) of 18 U.S.C. § 924 provides that a person who violates 18 U.S.C. § 922(g) and "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another," shall be "imprisoned not less than fifteen years." The government identifies the following predicate offenses listed in the PSR to justify application of the fifteen-year mandatory minimum: (1) Assault with Dangerous Weapon (Knife), and Attempt Breaking and Entering in Dwelling in Night-time with Intent to Commit Felony, in Lowell District Court, Lowell, Massachusetts; (2) Conspiracy to Distribute Drugs—Marijuana, in Virginia Beach, Virginia; and (3) Grand Larceny and Statutory Burglary, in Virginia Beach, Virginia.

Petitioner does not dispute that his drug offense qualifies as a "serious drug offense." He disputes whether the other two offenses are "violent felonies." The term "violent felony" is defined as

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

■ Petitioner argues that, in Virginia, statutory burglary is not a "violent felony."

---

**21.** *See infra* § II.D.

However, "burglary" is expressly listed in 18 U.S.C. § 924(e)(2)(B)(ii) as a "violent felony," and the Supreme Court held in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), that the meaning of "burglary," as used in the statute, is an offense "having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599, 110 S.Ct. 2143. In Virginia, statutory burglary is defined as follows: "If any person break and enter the dwelling house of another in the nighttime with intent to commit a felony or any larceny therein, he shall be guilty of burglary . . . ." Va.Code Ann. § 18.2–89 (Michie 1996). Statutory burglary in Virginia qualifies as a "violent felony." [22]

Additionally, petitioner argues that in Massachusetts, assault with a dangerous weapon (knife) is classified as a misdemeanor, and, therefore, does not qualify as a "violent felony." In support of his argument, petitioner cites *United States v. Indelicato,* 97 F.3d 627, 628 (1st Cir.1996), in which the First Circuit addressed the classification in Massachusetts of assault and battery with a knife as a misdemeanor. [23] However, *Indelicato* is not on point with the issue in petitioner's case. The First Circuit in *Indelicato* analyzed the restoration of a convicted felon's civil rights under 18 U.S.C. § 921(a)(20), an entirely different statute than the one before this court. Importantly, in reaching its decision, the First Circuit focused on the federal statutory definition and the intent of Congress through the statute's legislative history. 97 F.3d at 628–31.

■ The clear definition provided by Congress in 18 U.S.C. § 924(2)(e)(2)(B) controls in petitioner's case, not the state classification of the offense. The Fourth Circuit has addressed an argument similar to petitioner's regarding the definition of a violent felony under § 924(e). In *U.S. v. Hassan El,* 5 F.3d 726, 733 (4th Cir.1993), the court disagreed with defendant's assertion that the state misdemeanor classification controlled. It also found that, as the state statute provided for punishment in excess of two years imprisonment, the term length requirement of § 924(e) was met, despite the fact that defendant actually received a suspended sentence. *Id.* In petitioner's case, the federal statutory definition requires that *the offense be punishable* by more than one year, which this offense is, [24] and that the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B)(i), which would include assault with a knife. *See Commonwealth v. Shaffer,* 367 Mass. 508, 326 N.E.2d 880, 885 (1975) (stating that "assault is an attempt or threat to do bodily harm"). Therefore, this offense of assault with a dangerous weapon (knife) qualifies as a "violent felony." [25]

---

**22.** Petitioner was sentenced to three years, suspended, on the burglary charge. Therefore, the term length requirement of 18 U.S.C. § 924(e)(2)(B) that the offense be punishable by more than one year is also satisfied. As an aside, petitioner's suspended sentence was subsequently revoked for violations on release.

**23.** While classified as a misdemeanor under Massachusetts law, the crime is punishable by a maximum of two and one-half years. *See*

Mass.Ann.Laws ch. 265, § 15A(b) (2002) (no relevant modification of this section reflected since 1988).

**24.** *See supra* note 23. Petitioner was sentenced to a one-year suspended sentence.

**25.** Petitioner also argues that attempted breaking and entering—the other offense of which petitioner was convicted on the same date as the assault—is not a "violent felony," because it is not violent in nature. The court

Petitioner has at least three predicate offenses that qualify under § 924(e)(1). Therefore, he has failed to show his actual innocence and that the statute was improperly applied to him. Petitioner is entitled to no relief on this ground.

### III. Conclusion

For the reasons set forth above, petitioner's motion to vacate, set aside, or correct his sentence is **DENIED**.

Petitioner is **ADVISED** that he may appeal from this Opinion and final order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within sixty (60) days from the date of this Opinion.

The Clerk is **DIRECTED** to forward a copy of this Opinion to Robert C. Neeley, Jr., Esquire; Keith Loren Kimball, Esquire; petitioner; and the Assistant United States Attorney.

It is so **ORDERED.**

understands petitioner to be arguing that attempted breaking and entering does not have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). However, the PSR reflects that petitioner was convicted of the charge of attempted breaking and entering of a dwell-ing. The Fourth Circuit has held that this constitutes a violent felony. *See United States v. Custis,* 988 F.2d 1355, 1363–64 (4th Cir. 1993) (attempted breaking and entering of a dwelling constitutes a violent felony because of the substantial risk of confrontation), *aff'd,* 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994).